No. 13,211.

Amos *v.* Triangle Motor Company.
(30 P. [2d] 1109)

Decided March 12, 1934.

Messrs. Garwood & Garwood, for plaintiff in error.

Mr. William W. Gaunt, for defendant in error.

*In Department.*

Mr. Justice Burke delivered the opinion of the court.

Plaintiff in error is hereinafter referred to as Amos and defendant in error as the company.

The company sued Amos to recover a balance of $2,356.93 and interest due on sales of gasoline and motor oil. The answer was a general denial and two counterclaims. A motion to strike the counterclaims was sustained and amendments, differing in no material respect

from the pleadings stricken, were filed and likewise stricken. The cause was tried to the court and the company made proof. Amos then offered proof under his counterclaims, to which offer an objection was sustained, and the company had judgment according to the prayer of its complaint. To review that judgment this writ is prosecuted. The only question presented by the assignments is the correctness of the order striking the counterclaims.

The first counterclaim was for "damage in the sum of three thousand dollars." It alleges that the company owned a filling station and induced Amos to purchase the leasehold interest therein and deal exclusively in its merchandise, in consideration whereof the company promised "if said station proved unsatisfactory to defendant and failed to earn twenty dollars ($20) per day net" the company "would take the said station off of the defendant's hands or dispose of it so that the defendant would sustain no loss"; that the station was unsatisfactory and failed to net $20 per day, whereupon Amos requested the company to take it or dispose of it, but that the latter refused and neglected so to do.

The second counterclaim was for "damage in the sum of two thousand nine hundred forty dollars." It alleges that the company had installed in said filling station leaky connections for the gasoline tank and pipes; that this was known to it, but not to Amos, when the deal was made; and that thereby 21,000 gallons of gasoline were lost.

██ A counterclaim must either arise out of the same transaction as the principal demand, or, if the latter be upon contract, must also be upon contract. Code of Civil Procedure, p. 114, C. L. 1921, §63. A counterclaim must be so complete in itself as to entitle defendant to judgment on the facts pleaded. Pomeroy's Code Remedies (5th Ed.), p. 989, §614.

██ A complaint which alleges a conditional right,

but not the happening of the condition, is insufficient. *Patrick v. Colo. Smelting Co.*, 20 Colo. 268, 38 Pac. 236.

There is no allegation in the first counterclaim that Amos purchased the filling station, or that he handled the company's products exclusively. It is merely alleged that he "undertook to open and operate" the station, and "undertook" to handle the products. Nor does he set forth any facts to support his conclusion of three thousand dollars damage.

The second counterclaim carries the same defects as the first, by incorporation by reference. It fails to plead any guaranty by the company, or any facts to show that Amos should not be charged with knowledge of the defective connections, or any excuse for a year's operation without discovery. If it sets up a cause of action it is one in tort and constitutes no counterclaim herein.

These objections to the counterclaims are first discussed in the company's brief. No answer to them occurs to us, and no reply brief was filed.

The judgment is affirmed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE HOLLAND concur.