# No. 17,954.

## Bertha J. Foster, et al. *v.* Irving Feder.
(316 P. [2d] 576)

Decided August 5, 1957.   Rehearing denied September 30, 1957.

Messrs. Hornbein & Hornbein, Mr. Roy O. Goldin, for plaintiffs in error.

Mr. Clayton D. Knowles, Mr. Kenneth A. Selby, for defendant in error.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

WE will refer to the parties as they appeared in the trial court or by name.

Plaintiffs in error were the defendants below. Irving Feder, plaintiff, brought suit against the defendants, partners in a drive-in restaurant. He is a nephew of the defendant Bernstein and a cousin of defendant Foster. He sued for compensation for services performed by him in a drive-in restaurant owned by defendants. Defendants admit some services were rendered; deny that they were as extensive as alleged by plaintiff and assert that the services were gratuitous and voluntary as an expression of appreciation and gratitude for the many benefits bestowed on him and his mother by the defendant Bernstein. The trial was to a jury which returned a verdict for plaintiff in the sum of $2250.00.

After denial of defendants' motion for new trial and of plaintiff's motion for modification of the judgment, judgment was entered in accordance with the verdict, and defendants are here by writ of error.

Two points assigned by the defendants as error deserve comment though we consider only the second to be meritorious and to warrant reversal of the judgment. These points are: 1. That the court erred in permitting the plaintiff to amend his complaint at the close of all of the evidence; 2. the court erred in submitting to the jury an instruction numbered 10.

In plaintiff's original complaint, he alleged that at the instance and request of the defendants he undertook part time employment in defendants' restaurant. He then states:

"From about April 8, 1948, until about October 1, 1950, plaintiff worked in the restaurant a minimum of 52 nights a year and in addition at least 30 hours each week either in the restaurant or assisting with the bookkeeping.

"Defendants * * * promised the plaintiff $10.00 a night

for the 52 nights. *Nothing was said in regard to the compensation for the 30 hours additional.* It was understood that there should be compensation for this. * * *"

In his testimony at the trial plaintiff contradicted the allegation of his complaint that "nothing was said in regard to compensation for the 30 hours additional" and testified that he was promised $10.00 for each time he worked at the Oasis." His testimony in that connection is as follows:

"Q. You gave yourself credit for $10 every day regardless of how many hours you worked there? A. That was my agreement, my understanding with Mrs. Bernstein. Q. Whether it was one hour, or two hours, or eight hours, you were still to get $10? A. That's absolutely correct. * * * A. Those are the words that she said. It's my understanding that even if I went down in her behalf only for an hour I would be entitled to $10. She further said that because I was using time I would normally spend in social activities, she felt she would give and I'd be entitled to the $10. Q. She said that? A. She certainly did."

At the close of all of the evidence, plaintiff's counsel was allowed to amend the complaint by striking the allegation that he was to get "$10 a night for 52 nights." By interlineation he inserted "$10 for each time he worked at the Oasis."

■ Wide discretion is given to the trial court under the Rules of Civil Procedure to permit amendment of the pleadings to conform with the evidence. R.C.P. 15 (b). The contradiction which results in such an amendment as in this case merely goes to the credibility of the witness, and the instruction upon credibility sets forth the test to be applied. The weight then to be given plaintiff's testimony was for the jury. Where the plaintiff files a pleading which is subsequently superseded by amendment, the original pleading is admissible against the pleader in the proceeding in which it is filed as

evidence of admission against interest. 52 A.L.R. (2d) 524 (3) (a).

The court having permitted the amendment and with the testimony of the plaintiff on record, the court gave its instruction No. 10 as follows:

"You are instructed that in determining the amount which may be due to the plaintiff for the services he performed, you must determine from the evidence how much time was spent by the plaintiff in performing these services.

"In this connection, you must determine whether the ten dollar ($10.00) figure, which has been testified to, was to be paid for every day that any time was spent at the Oasis, or whether it represented a rate of pay for a normal day's or night's work."

■ This instruction is erroneous. By it the jury was instructed on a theory of compensation not in evidence and not asserted by either party. It was plaintiff's contention in his original pleading that he was to get $10.00 a night for 52 nights a year; and in his testimony and amended complaint he asserted he was to get $10.00 "for every time he appeared at the Oasis" whether "for one hour, two hours or eight hours." Defendants contend that there was no payment to be made and that the services were to be rendered gratuitously by reason of the family relationship and by reason of many benefactions bestowed on plaintiff by defendant Bernstein. Instruction No. 10 was not supported by the original pleading, the pleadings as amended or by any evidence on either side. On the issues framed, plaintiff was entitled to compensation either in accordance with his amended complaint and testimony as to the terms of the alleged agreement, if believed, or he was entitled to no compensation whatever in accordance with the testimony given by the defendant Foster. By this instruction the court permitted the jury to consider an entirely different contract wholly outside the pleadings and the record as made, and to award defendant compensation

based on the sum of $10.00 for a normal day or night's work. In *McCaffrey v. Mitchell*, 98 Colo. 467, 56 P. (2d) 926, this court said: "It was error for the trial court to instruct upon a theory not presented." See also: *Greenwood v. Kier*, 125 Colo. 333, 243 P. (2d) 417; *Herdt v. Darbin*, 126 Colo. 355, 249 P. (2d) 822.

In addition, instruction No. 10 was erroneous because it assumed the truth of a fact in dispute, namely that a rate of $10.00 compensation was to be applied, which was contested by defendants. It is clearly error for a court to assume in an instruction that any disputed fact in a suit has been established. *Downing v. Brown*, 3 Colo. 571.

Another patent error in the instruction was the direction to the jury to determine whether the $10.00 figure should be applied as a rate of pay "for a normal day or night's work." This permitted the jury to speculate on and to conjecture as to the number of hours which would be a normal day or night's work in a drive-in business without evidence to guide them.

Defendants assigned as error the failure of the trial court to direct a verdict in defendant's favor. From a reading of this record it is obvious that the contentions of the parties present controverted questions of fact exclusively within the province of the jury, and it was not error for the court to submit the case to the jury.

For the reasons assigned, the judgment is reversed and the cause remanded for new trial.

On petition for rehearing, the original opinion, as modified herein, is adhered to and the petition for rehearing is DENIED.