Opinion by
Mr. Chief Justice Moore.
*278 Plaintiff in error, hereinafter referred to as the plaintiff, while driving his automobile was struck from behind by an automobile driven by Leonard Paulson. Plaintiff brought this action to recover damages allegedly sustained as a result of Paulson’s negligence.
Trial to a jury resulted in a verdict and judgment in favor of plaintiff in the sum of $3,000. Plaintiff is here on writ of error urging that the trial court erred in permitting a medical expert witness, Dr. Fralick, to testify over objection that no advance notice was given counsel for the plaintiff that the doctor would be called as a witness for the defendant, as required by the order entered at a pre-trial conference held six months prior to the date of trial. It is claimed that the effect of Dr. Fralick’s testimony was to cause the jury to return a verdict which was inadequate to cover the damage actually sustained by the plaintiff.
It is urged that the court violated R.C.P. Colo. 16 in permitting Dr. Fralick to appear as a witness for the defendant. As the private physician of the plaintiff he had examined him about two weeks following the accident, but was not called in his behalf. A question arose, and there was conflicting evidence, as to whether a ruptured disc which was discovered only two weeks before the trial was caused by the accident. Dr. Horsley, called by the plaintiff, testified that he discovered the ruptured disc in the examination of discograms on the plaintiff at Mercy Hospital two weeks prior to trial, and that he believed the accident, with trauma to the neck, caused the injury. A Dr. Cotton, who viewed the X-rays, expressed an opinion similar to that of Dr. Horsley. Each of these experts had examined plaintiff earlier but did not find symptoms justifying an examination to determine whether there was a ruptured disc. Although one witness called by the defendant, Dr. Keener, agreed that two weeks prior to trial the plaintiff had a ruptured disc, he was “not sure” that it was caused by the accident. During the trial counsel for the defendant learned *279 for the first time that Dr. Fralick who examined the plaintiff two weeks after the accident was of the definite opinion that there was no ruptured disc at the time of his examination. He also disagreed with other doctors in the interpretation of the discograms taken two weeks before trial. He was permitted to testify as above indicated.
 In overruling the objection of counsel for plaintiff based upon the fact that the name of Dr. Fralick was not included in the list of witnesses in the pre-trial order, the trial court pointed out that there was no indication of a ruptured disc until two weeks before trial; that the pre-trial order was entered six months earlier; and that the plaintiff was the party who “brought in this discogram two weeks ago.” The court ruled:
“The ruling, as it now stands, the testimony of Dr. Fralick will be allowed to be received by the jury as a witness called for the defendant to rebut and refute the testimony of your witness, Dr. Horsley.”
In entering this order the trial court did not commit error. We believe that the ruling was correct. Moreover, there was no error in the refusal of the trial court to give a tendered instruction.
The judgment is affirmed.
Mr. Justice Sutton, Mr. Justice McWilliams and Mr. Justice Kelley concur.