No. 22280.

FRED D. MARTIN *v.* SHERMAN KENNELL AND GENE CARTER.
(453 P.2d 797)

Decided May 5, 1969.      Rehearing denied May 26, 1969.

VICTOR E. DEMOUTH, for plaintiff in error.

EUGENE D. LORIG, for defendant in error Sherman Kennell.

WOOD, RIS & HAMES, EUGENE S. HAMES, for defendant in error Gene Carter.

*In Department.*

Opinion by MR. JUSTICE GROVES.

PLAINTIFF in error, plaintiff below, brought action against the defendants Carter and Kennell to recover

for personal injuries sustained in a collision between cars driven by the defendants. Plaintiff was a passenger in Carter's car. At the close of the plaintiff's case, the court granted Carter's motion to dismiss as to him. The trial proceeded as to Kennell, in whose favor the jury rendered its verdict. As Carter was dismissed out, some of the facts stated as to him are those most favorable to the plaintiff.

The collision occurred on a windy, cold and snowy day on State Highway 91 between Leadville and Climax. The highway was snow-packed and icy. The cars were proceeding towards each other from opposite directions. There was an area of ground blizzard between them and after they entered it the cars collided on Carter's left side of the road. This ground blizzard was or should have been visible to Carter between 200 and 300 yards before he entered it at a speed approximating 40 miles per hour. Just before entering the blizzard Carter passed a truck and by the time he entered it he had not returned to his side of the road. Another passenger in Carter's car suggested that he slow down and he braked slightly. Carter did not turn on his lights.

Kennell approached the blizzard at a speed of approximately 35 miles per hour and slowed his car slightly upon entering it. His lights were on. He saw Carter's car when it was 75 feet away and at that time Carter was on the wrong side of the road. Kennell estimated that it would have taken him 100 feet to stop under the conditions then existing.

The plaintiff alleged in his complaint that he was an occupant of the Carter car and that the "collision was caused by either the negligence of the Defendant Sherman Kennell, or of the Defendant Gene Carter, or was caused by their joint and combined negligence." There was no allegation in any way indicating that Carter's negligence consisted of a willful and wanton disregard of the rights of others, i.e., the guest statute language. C.R.S. 1963, 13-9-1. Carter made an allegation in his

answer to the effect that the plaintiff was a guest and that the complaint failed to state a claim for relief under the guest statute. Plaintiff tendered no further pleading prior to trial. The pre-trial order mentions that the plaintiff was a passenger in Carter's vehicle and states that negligence of either or both defendants, proximate cause, extent of injuries and extent of such damages were the "issues of fact and [that] no others remained to be litigated upon trial." The order sets forth as an issue of law, "Whether the Plaintiffs were 'guests' of the Defendant Carter, within his car, within the meaning of Colorado Revised Statutes Annotated 13-9-1 (1963)." In the order there was no other reference to the guest statute, nor did the order make any reference to any of the wording in that statute.

On trial at the close of plaintiff's case Carter moved to dismiss as to himself on the ground that the evidence had shown conclusively that plaintiff was a guest and that there had been no allegation in the complaint beyond simple negligence. In the argument of this motion counsel for the plaintiff took the position that, if plaintiff had been a guest, the matter had been brought into the case by the affirmative defense in Carter's answer and plaintiff was therefore entitled to have the jury decide the question of whether Carter was guilty of "negligence consisting of a willful and wanton disregard of the rights of others." During the argument, plaintiff's attorney said:

"If this is [the] position [of Carter's counsel], and if the court should agree, I would merely move to correct that by an appropriate amendment at this time to the complaint to conform to the proof of a willful and wanton disregard of the rights of the plaintiff because I believe we have proven that, on a prima facie case at least."

At the conclusion of the argument the court granted the motion to dismiss as to Carter. Plaintiff's attorney then inquired about his motion to amend the complaint. There was some argument between counsel and the court as

to whether he had moved to amend. The attorney then expressly moved to amend the complaint to plead that plaintiff was a guest and to state further the wording of the guest statute. After further argument the court indicated that at the pre-trial hearing counsel should have asked for permission to amend the complaint and stated that the ruling of dismissal would stand.

I

The plaintiff has not urged here that he was not a guest. He maintains that he proved a prima facie case of willful and wanton disregard of the rights of others on the part of Carter and cites *Hodges v. Ladd,* 143 Colo. 143, 352 P.2d 660; *Coffman v. Godsoe,* 142 Colo. 575, 351 P.2d 808; and *Pettingell v. Moede,* 129 Colo. 484, 271 P.2d 1038. The trial court made no determination of this question and Carter has not argued that his conduct was not of the willful and wanton variety. Therefore, we treat the matter as if the plaintiff established a prima facie case of recovery under the guest statute. However, this does not foreclose the court on retrial from making an independent determination of the question.

II

We feel that permission to amend the complaint should have been granted under the spirit and intent of R.C.P. Colo. 15(b). *Foster v. Feder,* 135 Colo. 585, 316 P.2d 576. We hold that under the circumstances the failure to permit the plaintiff to amend his complaint and plead the wording of the guest statute was an abuse of discretion.

III

Plaintiff has argued that Kennell should have been found guilty of negligence as a matter of law, one of the factors being that under his testimony he could not stop within the distance of visibility. Assuming the correctness of this position, it cannot be ruled as a matter of law that Kennell's negligence was the proximate cause of the collision. No argument has been made that the court should have advised the jury that Kennell was

negligent and merely submitted the question of proximate cause as a basis for liability. Instead, plaintiff contends that the jury should have been directed to return a verdict as to liability. The jury was instructed as to proximate cause and for aught that appears in the record it could have found Kennell negligent but that the negligence was not the proximate cause of the injury. In this posture we cannot reverse.

The judgment is affirmed as to Kennell and as to Carter is reversed and remanded for further proceedings consonant with the views expressed in this opinion.

MR. CHIEF JUSTICE MCWILLIAMS, MR. JUSTICE PRINGLE and MR. JUSTICE KELLEY concur.