486 P.2d 447 (1971)
Lewis J. FRANCISCO, Plaintiff-Appellant,
v.
CASCADE INVESTMENT COMPANY, a Colorado corporation, the City and County of Denver, and Clyde J. Baughar, Defendants,
The City and County of Denver, Defendant-Appellee.
No. 70-418.
Colorado Court of Appeals, Div. II.
June 15, 1971.
*448 Brenman, Ciancio, Rossman, Baum & Sobol, Arthur L. Fine, Denver, for plaintiff-appellant.
Max Zall, City Atty., Lloyd K. Shinsato, Asst. City Atty., Denver, for defendant-appellee.
Selected for Official Publication.
DWYER, Judge.
Lewis J. Francisco, plaintiff-appellant, brought this action to recover damages for injuries he allegedly sustained in a fall which occurred when he stepped into a hole in a sidewalk near the intersection of 18th and Market Streets in Denver, Colorado. The defendants in the action were the City and County of Denver, the Cascade Investment Company, owner of the property adjacent to the sidewalk, and Clyde J. Baughar, lessee of the adjacent property. The trial court entered judgment against plaintiff as to all defendants. Plaintiff appeals the judgment in favor of the City, the other defendants not being parties to this appeal.
After he was injured on May 3, 1967, plaintiff, in compliance with the Charter of the City and County of Denver, Article X, Section A 10.10, notified the Mayor of such injury. Neither the timeliness nor the sufficiency of the notice is at issue here. Plaintiff's notice, Exhibit N, was sent to the Mayor by plaintiff's attorney. In response to the notice, an Assistant City Attorney sent a letter, Exhibit M, to plaintiff's attorney in which he acknowledged receipt of the notice, and requested that further correspondence be directed to him. After this exchange of correspondence, the City conducted an investigation of the claim.
After plaintiff filed his complaint, the City answered, and the case was tried to a jury. In presenting his case, the plaintiff ofered evidence on the issues of negligence and damages. He then offered in evidence Exhibits M and N to prove that he had given the City notice of his injuries as required by the City Charter. The City objected to the admission of these exhibits on two grounds: (1) that plaintiff had failed to allege in the complaint that notice had been given to the City, and (2) that plaintiff had failed to include Exhibits M and N in the list of exhibits which he filed pursuant to Local Rule 27 of the Denver District Court. When this objection was made, plaintiff moved to amend his complaint to meet the City's objection that notice had not been alleged. The court refused to permit the amendment, and refused to admit the exhibits into evidence.
At the close of plaintiff's evidence, the City moved for a directed verdict, and for a judgment of dismissal. The trial court held that plaintiff's evidence was sufficient to establish a prima facie case of negligence on the part of the City, but the court dismissed the action with prejudice because plaintiff had failed to plead and prove that he had given the requisite notice.
Plaintiff's motion to amend the complaint should have been granted. The provisions of R.C.P.Colo. 15(b), which were invoked by the motion, expressly deal with the situation presented here. R.C.P. Colo. 15(b) provides:
"* * * If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits."
Our Supreme Court considered the scope and application of this rule in Martin v. Kennell, 169 Colo. 122, 453 P.2d 797. The Court, in holding that the trial court had *449 erred in refusing to permit an amendment, stated:
"We feel that the permission to amend the complaint should have been granted under the spirit and intent of R.C.P. Colo. 15(b). Foster v. Feder, 135 Colo. 585, 316 P.2d 576. We hold that under the circumstances the failure to permit the plaintiff to amend his complaint and plead the wording of the guest statute was an abuse of discretion."
In the present case, the amendment of plaintiff's complaint should have been permitted, because the presentation of the merits of the action would have been subserved thereby. The City had, in fact, received notice of the claim, and it cannot claim that proof of such fact would prejudice it in maintaining its defense upon the merits. The granting of the motion would have facilitated a fair trial of the actual issues between these litigants.
The City's argument that the complaint could not be amended because allegation of notice was "jurisdictional" is without merit. A Court's jurisdiction over the subject matter of an action is conferred by the authority which creates the court. In this case, jurisdiction of the subject matter of the action was conferred upon the court by the Constitution of the State of Colorado. The office of the complaint is to establish by proper factual averment that the case is within the jurisdiction of the court. A defect in allegations of fact upon which the court's jurisdiction depends can be cured or supplied by amendment. See American Universal Ins. Co. v. Sterling, 3 Cir., 203 F.2d 159.
The City also contends that the trial court's refusal to admit Exhibits M and N into evidence should be sustained because of plaintiff's failure to comply with Local Rule 27(2) of the Denver District Court. This rule provides that at least thirty days prior to trial a list of all exhibits shall be exchanged. Plaintiff's counsel furnished a list of exhibits to the City, but failed to include Exhibits M and N in the list.
The procedures prescribed in Rule 27 are in lieu of a pre-trial conference. Compliance with this rule is required to promote the orderly trial of cases where no pre-trial conference is held. The question here is whether the trial court should have permitted a modification of the list to include Exhibits M and N. Local Rule 27(2) does not specifically provide for modification of lists of exhibits filed or exchanged pursuant thereto. However, the court has the same power to modify a list of exhibits and other documents prepared pursuant to Local Rule 27, as it has to modify a pre-trial order. R.C.P.Colo. 16, and the original Local Rule 27 both provide that the pre-trial order, when entered, controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice. Under the authority of Rule 16, witnesses not listed at the pre-trial have been permitted to testify and documents not listed in the pre-trial order have been admitted into evidence where such modifications of the pre-trial order were necessary to prevent injustice. See Bynon v. Morrison & Morrison, Inc., 169 Colo. 384, 456 P.2d 747; Deacon v. Paulson, 162 Colo. 277, 425 P.2d 288; Landauer v. Huey, 143 Colo. 76, 352 P.2d 302.
The Assistant City Attorney who tried the case had the original of Exhibit N in his possession when he wrote Exhibit M to the plaintiff's attorney. He had knowledge of the existence and of the content of both documents, and had no basis to claim surprise. No actual prejudice would have resulted to the City by the admission of the exhibits, and the court should have permitted a modification of plaintiff's list of exhibits and the admission of the exhibits in evidence in order to prevent manifest injustice to the plaintiff.
The judgment is reversed, and the cause is remanded with directions that plaintiff be permitted to amend his complaint to allege the written notice required by the City Charter and for a new trial.
SILVERSTEIN, C. J., and PIERCE, J., concur.