**F. A. JONES, d/b/a Timberline View Estates, Plaintiff-Appellant,**

v.

**NORTHEAST DURANGO WATER DISTRICT and Conrad Christianson, LeRoy W. Vagneur, Frank Campana, M. Christian Hummel, and J. D. Simmons, in their capacity as Directors of the District and individually, Defendants-Appellees.**

No. 80CA0121.

Colorado Court of Appeals, Div. I.

Sept. 11, 1980.

Rehearings Denied Oct. 9, 1980.

Certiorari Denied Dec. 22, 1980.

Frank J. Anesi, Douglas S. Walker, Durango, for plaintiff-appellant.

Bruce M. Kirkpatrick, Don Freemyer, Durango, for defendants-appellees.

VAN CISE, Judge.

Plaintiff, F. A. Jones, appeals a judgment dismissing all claims against defendant Northeast Durango Water District (the district) and the individual defendants in their capacities as directors of the district. We affirm in part and reverse in part.

This action was commenced in August 1977. Plaintiff is the owner and developer of subdivided land known as Timberline View Estates, some of which is located within the district. In his second amended complaint, plaintiff alleged that he and his predecessors in interest had properly applied to the district for water service, but that the district and its directors had refused to provide such service to some of the lots and had imposed improper conditions on the granting of service to other lots. In ten separate claims against all defendants and one claim against defendant Vagneur individually, plaintiff sought an order compelling defendants to provide water services and asked for compensatory and punitive damages due to the withholding of these services. The damage claims were based on the alleged violation of defendants' duty to provide and their interference with plaintiff's right to obtain these services, and their consequent interference with his use of his own property, with existing and prospective sales relationships, and with his business reputation. Defendants in their answer pled only one affirmative defense, failure to state a claim, and the district counterclaimed for damages to water lines and for an injunction.

The case was set for trial to a jury on December 17, 1979. On that date, defendants served on counsel and filed with the court their motion to dismiss on the grounds of non-compliance by plaintiff with the notice requirements of § 24–10–109, C.R.S. 1973. The court granted the motion, entered a judgment dismissing the action against the district and the individual defendants in their official capacity, and issued a C.R.C.P. 54(b) order pertaining thereto. Further proceedings in the case were continued pending this appeal.

I. The Damage Claims.

Plaintiff's first contention is that, since the motion to dismiss was not filed until the date of trial and more than two years after the filing of the complaint, the motion was not timely and should have been denied. He interprets the notice provisions of § 24–10–109, C.R.S.1973, as applicable to personal jurisdiction only and, as such, subject to being waived.

As applicable to the circumstances here, § 24–10–109, C.R.S.1973, provided, in pertinent part:

"Any person claiming to have suffered an injury by a public entity or by an employee thereof while in the course of such employment shall file a written notice as provided in this section within ninety[1] days after the date of the discovery of the injury. Substantial compliance with the notice provisions of this section shall be a condition precedent to any action brought under the provisions of this article, and failure of substantial compliance shall be a complete defense to any such action."

The injuries for which damages are sought "lie in or could lie in tort." *See* §§ 24–10–105 and 103(2), C.R.S.1973. There is no dispute as to the district being a public entity as defined in § 24–10–103(5), C.R.S.1973, and it is admitted that plaintiff did not file the required notice.

Nowhere in the plaintiff's pleadings was there any allegation that this condition precedent of notice had been complied with, nor was there any allegation of waiver. Defendants alleged as a defense that the complaint failed to state a claim upon which relief could be granted. By failing to allege compliance with the condition or waiver, the damage claims were insufficient and, here, could not be cured by amendment. These claims were, therefore, subject to dismissal at any stage of the proceedings. *Amos v. Triangle Motor Co.*, 94 Colo. 435, 30 P.2d 1109 (1934). *Cf. Francisco v. Cascade Investment Co.*, 29 Colo.App. 516, 486 P.2d 447 (1971). And, the fact that defendants did not move for dismissal until the time of trial does not constitute a waiver of the notice requirement.

Plaintiff next contends that, inasmuch as governmental immunity is not available as a defense to the claims for damages incident to defendants' operation and maintenance of a public water facility, § 24–10–106(1)(f), C.R.S.1973, notice is not required. We do not agree. Compliance with the notice requirement is a condition precedent to any action brought by any person claiming to have suffered an injury by a public entity or a public employee in his official capacity. *Fritz v. Regents of University of Colorado*, 196 Colo. 335, 586 P.2d 23 (1978); *Kristensen v. Jones*, 195 Colo. 122, 575 P.2d 854 (1978); *Antonopoulos v. Town of Telluride*, 187 Colo. 392, 532 P.2d 346 (1975); § 24–10–109(1), C.R.S.1973.

There is nothing in the record to support plaintiff's claim of estoppel. *See Fritz v. Regents of University of Colorado, supra.*

II. The Claim for Water Services.

Different from the claims for damages for injuries allegedly suffered by plaintiff, the claims asking for an order for water services do not and can not "lie in tort." *See* §§ 24–10–103(2), 105, 106, and 109, C.R.S.1973. Instead, they constitute in effect a mandamus action, asking for the district and its agents to perform certain duties allegedly owed to the inhabitants of the district including plaintiff. Therefore, these claims are not within the scope of the notice statute, and dismissal of these claims was error.

The judgment as to the damages claims is affirmed, the judgment as to the claims for water services is reversed, and the cause is remanded for further proceedings consistent with this opinion.

COYTE and KIRSHBAUM, JJ., concur.

---

**1.** Effective July 1, 1979, and applicable to causes of action arising on or after that date, the statute was amended to change ninety to one hundred eighty days. Colo.Sess.Laws 1979, ch. 219, at 862.