Wendy A. KRATZER, Plaintiff–Appellant,

v.

COLORADO INTERGOVERNMENTAL RISK SHARE AGENCY and The City of Lafayette, Defendants–Appellees.

No. 99CA1471.

Colorado Court of Appeals, Div. III.

May 11, 2000.

Certiorari Denied Feb. 26, 2001.

Wendy A. Kratzer, Pro Se.

Watson, Nathan & Bremer, P.C., Andrew J. Fisher, Denver, Colorado, for Defendants–Appellees.

Opinion by Judge TAUBMAN.

Plaintiff, Wendy A. Kratzer, appeals from the judgment dismissing her complaint against defendants, the City of Lafayette, and the Colorado Intergovernmental Risk Share Agency (CIRSA). We affirm.

This action arises from plaintiff's arrest in March 1998 for violating a restraining order. In her complaint, plaintiff asserted that the City had engaged in extreme and outrageous conduct and had violated numerous federal statutes in connection with (1) its failure to amend the restraining order, (2) her arrest, and (3) her subsequent five-day confinement in county jail. Plaintiff sought $8,300,000 in damages.

Defendants moved to dismiss plaintiff's state law claims under C.R.C.P. 12(b)(1) on the basis that the trial court lacked subject matter jurisdiction under the Colorado Governmental Immunity Act (GIA), § 24–10–101, et seq., C.R.S.1999. Defendants argued that plaintiff failed to provide the notice of claim required by § 24–10–109, C.R.S.1999. Defendants also asserted that plaintiff's state law claims did not fall within one of the provisions for which the City's immunity had been waived under § 24–10–106, C.R.S.1999, of the GIA. Additionally, defendants moved to dismiss plaintiff's federal claims under C.R.C.P. 12(b)(5) on the basis that she failed to state a cognizable claim for relief.

In response, plaintiff argued that she provided notice to the City by filing a grievance in October 1996. Plaintiff also argued that she filed this action within 85 days of her arrest.

Plaintiff also asserted that because she had been "booked" in a public building, the City's immunity for a dangerous condition of a public building was waived under § 24–10–106(1)(c). Although plaintiff did not specifically respond to defendants' motion as to the federal claims, she argued that the failure of officials to intervene and prevent law enforcement officials from harming the constitutional rights of citizens was actionable under 42 U.S.C. § 1983 (1994).

In reply, defendants noted that the grievance relied upon by plaintiff was filed almost two years before the actions that formed the basis of this lawsuit. Defendants also argued that the mere fact that plaintiff was "booked" in a public building did not result in a waiver of the City's immunity under § 24–10–106(1)(c). Defendants again asserted that plaintiff had failed to state a claim for relief as to her federal claims. Defendants argued that the court was limited to matters specifically stated within the four corners of the complaint and that the court should not consider the additional facts plaintiff alleged in her response. However, if the court were to consider these allegations, defendants argued that to the extent plaintiff relied on cases involving 42 U.S.C. § 1983, she had failed to allege a critical element, i.e., that the City unconstitutionally implemented or executed a policy that deprived plaintiff of her rights.

Plaintiff also filed a motion for summary judgment. In that motion, she reiterated many of the arguments she had made in response to defendants' motion to dismiss. Plaintiff, however, refined her argument that defendants' immunity had been waived under § 24–10–106(1)(c), stating that a dangerous condition existed because the building where she was booked did not contain an elevator and she was forced to use the stairway.

The trial court then issued a written order addressing all of the outstanding motions. The court found that plaintiff's failed attempt to serve the City's attorney with the complaint satisfied the notice requirements of § 24–10–109. Accordingly, the court denied defendants' motion to the extent it sought dismissal for failure to provide a notice of claim. The trial court, however, found that plaintiff's state law claims did not fall within one of the exceptions to immunity set forth in § 24–10–106 of the GIA.

As to plaintiff's federal claims, the trial court concluded that plaintiff had failed to state a cognizable claim for relief. The court found that several of the federal statutes relied upon by plaintiff were criminal in nature and did not create a basis for civil liability. As to plaintiff's remaining claims, the court found that plaintiff had failed to allege the required elements for those claims.

Therefore, based on the above findings, the trial court granted defendants' motion to dismiss and denied plaintiff's motion for summary judgment. This appeal followed.

## I. State Law Claims

Plaintiff contends that the trial court erred in determining that her state law claims were barred under the GIA. We agree that the trial court reached the correct result, but for different reasons.

■ Because the adequacy of notice under the GIA is a threshold matter, we address and agree with defendants' contention that plaintiff did not provide defendants with a proper notice of claim.

■ Section 24–10–109(3), C.R.S.1999, provides that in claims not against the state or a state employee, a notice of claim must be filed with the governing body of the public entity or the attorney representing the public entity. *See Brock v. Nyland,* 955 P.2d 1037 (Colo.1998). In addition, § 24–10–109(6), C.R.S.1999, provides that:

No action brought pursuant to this article shall be commenced until after the claimant who has filed timely notice pursuant to subsection (1) of this section has received notice from the public entity that the public entity has denied the claim or until after ninety days has passed following the filing of the notice of claim required by this section, whichever occurs first.

Further, a claimant must allege in his or her complaint that the claimant has complied with the jurisdictional prerequisite of filing of a notice of claim. *Jones v. Northeast Durango Water District*, 622 P.2d 92 (Colo.App. 1980). *See also Morgan v. Board of Water Works*, 837 P.2d 300 (Colo.App.1992) (where plaintiff actually filed notice of claim and such notice was admitted into evidence without objection, plaintiff's failure to plead compliance with notice of claim provision in complaint was not a jurisdictional bar).

Here, the trial court concluded that the only document that could constitute notice to defendants was the complaint that was delivered to the city's attorney. The court noted that the complaint contained the plaintiff's name, the date of the arrest, a statement of circumstances surrounding the arrest, and the amount of damages plaintiff was claiming. This is the information generally required to be included in a notice of claim pursuant to § 24–10–109(2), C.R.S.1999.

We disagree with the trial court that the filing and service of the complaint itself provided sufficient notice under the GIA. The plain language of § 24–10–109(6) requires that a claimant must timely file a notice of claim and properly serve such notice before filing a complaint.

Because it is undisputed that no notice of claim was served on defendants, we conclude that plaintiff's GIA claims should have been dismissed on that basis, and that plaintiff's complaint could not substitute for the notice of claim required by § 24–10–109(1).

Therefore, we conclude that the trial court did not err in dismissing plaintiff's state law tort claims for lack of subject matter jurisdiction under the GIA. *See Cole v. Hotz*, 758 P.2d 679 (Colo.App.1987) (appellate court may affirm trial court on different grounds from those relied on by trial court).

## II. Federal Claims

Plaintiff also contends that the trial court erred in dismissing her federal claims. We are not persuaded.

In evaluating a motion to dismiss under C.R.C.P. 12(b)(5), all averments of material fact must be accepted as true, and the allegations of the complaint must be viewed in the light most favorable to the plaintiff. *Dorman v. Petrol Aspen, Inc.*, 914 P.2d 909 (Colo.1996). While motions to dismiss for failure to state a claim are viewed with disfavor, they may properly be granted where it appears beyond doubt that the plaintiff can prove no set of facts in support of a claim. *Davidson v. Dill*, 180 Colo. 123, 503 P.2d 157 (1972). In addition, it is fundamental that, in passing upon a motion to dismiss a complaint, the court may consider only matters stated in the motion and must not go beyond the confines of the pleading. *Rosenthal v. Dean Witter Reynolds, Inc.*, 908 P.2d 1095 (Colo.1995).

Plaintiff asserted violations of six different federal statutes in her complaint. As the trial court noted, four of the federal statutes relied upon by plaintiff, 18 U.S.C. §§ 241, 242, and 245 (1994), and 42 U.S.C. § 3631 (1994), impose criminal penalties for violations of their provisions and do not form a basis for civil liability against the City. We agree with this determination and, therefore, we affirm the trial court's dismissal of these claims. *See Cok v. Cosentino*, 876 F.2d 1 (1st Cir.1989) (no private right of action under 18 U.S.C. §§ 241 and 242); *Latinos Unidos De Chelsea En Accion (Lucha) v. Secretary of Housing & Urban Development*, 799 F.2d 774 (1st Cir.1986) (no private right of action under 42 U.S.C. §§ 3601–3631); *Dugar v. Coughlin*, 613 F.Supp. 849 (S.D.N.Y.1985) (no private right of action under 18 U.S.C. §§ 241, 242, and 245).

We also agree with the trial court's dismissal of plaintiff's claim under 42 U.S.C. § 1981 (1994). This statute provides that all citizens of the United States shall have the rights that are enjoyed by "white citizens." Inasmuch as plaintiff failed to make a race-based allegation, we conclude that her claim under this provision must fail. *See Manzanares v. Safeway Stores, Inc.*, 593 F.2d 968 (10th Cir.1979) (claim under 42 U.S.C. § 1981 must be race-based to be sufficient).

Similarly, we reject plaintiff's claim for relief under 42 U.S.C. § 1985(3) (1994). This provision creates liability for conspiracy to interfere with a person's civil rights.

However, plaintiff has failed to allege critical elements of this claim, i.e., that the City's actions were race-based and that the City conspired with another person or entity. Accordingly, this claim must also fail. *See Griffin v. Breckenridge*, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971); *Temple of Lost Sheep, Inc. v. Abrams*, 930 F.2d 178 (2d Cir.1991) (finding that conclusory allegations were insufficient), *cert. denied*, 502 U.S. 866, 112 S.Ct. 193, 116 L.Ed.2d 153 (1991).

To the extent plaintiff has attempted to assert a claim under 42 U.S.C. § 1983 in the briefs she filed with the trial court, we note that the trial court should and did consider only matters stated within the four corners of the complaint. *Rosenthal v. Dean Witter Reynolds, Inc., supra.*

Therefore, we conclude that the trial court properly dismissed plaintiff's federal claims.

The judgment is affirmed.

Judge JONES and Judge NEY concur.