BRISCOE, Circuit Judge,
concurring and dissenting:
I concur in Parts I, 11(A), and 11(B) of the majority opinion. I dissent, however, from Part 11(C) of the majority opinion which dismisses sua sponte Drs. Brazina’s *844 and Nadler’s three state law tort claims brought against the Hospital. My concerns are twofold. First, I do not agree that under Colorado law failure to plead compliance with the CGIA’s notice requirements is a jurisdictional bar. Second, pri- or to dismissal for failure to comply with the CGIA’s notice requirements, Colorado courts uniformly favor allowing a plaintiff the opportunity to establish that he has complied with the CGIA. In stark contrast, the rule adopted by the majority has the dual effect of mandating dismissal of claims on pleading technicalities and denying plaintiffs the opportunity to present evidence addressing whether they have complied with the CGIA.
I.
In Part 11(A), the majority correctly holds that we have subject matter jurisdiction to hear the Hospital’s interlocutory appeal.[1] I will expand' somewhat on the analysis that supports that conclusion.
Plaintiffs contend this court lacks jurisdiction to hear the interlocutory appeal because the order from which the Hospital appeals is not a final decision under 28 U.S.C. § 1291, nor does it meet any statutory or common law exception to the final judgment rule. Resolution of this issue is complicated by the fact that the CGIA includes its own reference to “final judgments” in Colo.Rev.Stat. §§ 24-10-108 and 24-10-118(2.5), which provide that orders denying motions to dismiss complaints on sovereign immunity grounds are final judgments for purposes of taking interlocutory appeals.[2] See Walton v. Colorado, 968 P.2d 636, 640 (Colo.1998) (explaining purpose of language is to facilitate interlocutory appeals involving issues of sovereign immunity). The state law and federal law which apply here provide different rules for determining whether this appeal can proceed. As a federal court sitting in diversity, the doctrine of Erie R.R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), dictates that state substantive law should apply, Hanna v. Plumer, 380 U.S. 460, 466-68, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), but that federal procedural rules will nevertheless control the analysis. This principle requires that federal law should determine whether the Hospital fulfilled the requirements of the collateral order doctrine, a common law *845 exception to the final judgment rule.[3] See Budinich v. Becton Dickinson & Co., 486 U.S. 196, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988) (holding in a diversity case federal law determines appealability under collateral order doctrine); see also Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546-47, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949) (recognizing “small class”-of decisions are excepted from final judgment rule and establishing collateral order doctrine). In order to satisfy the collateral order doctrine, the Hospital must meet three requirements: (1) the order must conclusively determine the disputed question; (2) the order must resolve an important issue completely separate from the merits of the action; and (3) the order must be effectively unreviewable on appeal from a final judgment. See Pindus v. Fleming Cos., 146 F.3d 1224, 1226 (10th Cir.1998) (citing Coopers & Lybrand v. Livesay, 437 U.S. 463, 468, 98 S.Ct. 2454, 437 U.S. 463 (1978)). Here, both sides agree that the first two requirements are met. Our focus is therefore on the third requirement.
This court has interpreted the third requirement to mean that “where rights will not be irretrievably lost in the absence of an immediate appeal, collateral review is not available.” In re Magic Circle Energy Corp., 889 F.2d 950, 954 (10th Cir.1989). Therefore, the Hospital will only succeed in availing itself of this court’s jurisdiction if the district court order deprived it of a right “that is essentially destroyed if its vindication must be postponed until trial is completed.” Lauro Lines s.r.l. v. Chasser, 490 U.S. 495, 499, 109 S.Ct. 1976, 104 L.Ed.2d 548 (1989). To determine whether allowing an interlocutory appeal will irreparably deprive the Hospital of a right, this court must ascertain the precise contours of the Hospital’s immunity under Colorado state law. See, e.g., Gray Hopkins v. Prince George’s County, 309 F.3d 224, 231 (4th Cir.2002) (applying federal procedural law to determine whether collateral order doctrine is applicable to interlocutory appeal regarding immunity, but then referring to state law to ascertain scope of sovereign immunity under state law); In re City of Philadelphia Litig., 49 F.3d 945, 957 (3d Cir.1995) (same); Sorey v. Kellett, 849 F.2d 960, 962 (5th Cir.1988) (same); Marrical v. Detroit News, Inc., 805 F.2d 169, 172 (6th Cir.1986) (same). As this court previously explained in Decker v. IHC Hosps., Inc., 982 F.2d 433, 435 (10th Cir.1992), there is a determinative distinction in assessing, as a matter of federal procedural law, which sovereign immunity eases are ripe for interlocutory appeal under the third requirement of the collateral order doctrine. On the one hand, where “the basis of the motion to dismiss is not an immunity from suit ... an order denying the motion is not immediately appealable.” Id. In contrast, if the “essence of the claimed right is a right not to stand trial,” an interlocutory appeal is appropriate. Id. at 436 (internal quotations omitted).[4]
*846 Here, the Colorado General Assembly has explicitly created a right to be free from all suits and -not merely immune from liability. See Colo.Rev.Stat. § 24-10-108. The Colorado General Assembly has therefore established sovereign immunity for public entities from all suits. Consequently, by applying these facts to the third requirement of the federal collateral order doctrine, it is clear that the substantive right under state law to be immune from suits will be “irretrievably lost in the absence of an immediate appeal.” Magic Circle, 889 F.2d at 954.
II.
I disagree, however, with the sua sponte dismissal of Drs. Brazina’s and Nadler’s (the doctors) tort claims for failure to plead compliance with the CGIA’s notice requirements.[5]
In accordance with this court’s “independent duty to inquire into its jurisdiction over a dispute,” Phelps v. Hamilton, 122 F.3d 1309, 1315-16 (10th Cir.1997), we have examined the pleadings to determine whether the plaintiffs have complied with section 24-10-109(1) of the CGIA which bars a claimant from filing suit unless hé previously has provided the defendant public entity with written notice of his claim. Relying on a trilogy of Colorado Court of Appeals decisions, the majority concludes that “Colorado courts consistently hold that a plaintiff must plead compliance with the CGIA’s notice provisions in the complaint to avoid dismissal.” Maj. Op. at 840 (emphasis added). See Kratzer v. Colorado Intergovernmental Risk Share Agency, 18 P.3d 766 (Colo.Ct.App.2000); Deason v. Lewis, 706 P.2d 1283 (Colo.Ct.App.1985); Jones v. Northeast Durango Water Dist., 622 P.2d 92 (Colo.Ct.App.1980). The majority further states that pleading compliance with the CGIA is “de facto jurisdictional” when addressed by the court “[i]n the context of a motion to dismiss,” Maj. Op. at 840, and therefore examines only the complaint for an allegation of notice compliance. Finding that the doctors did not satisfy this heightened pleading requirement, the majority concludes Colorado law requires dismissal of their claims.
The procedural context of the case at bar differs significantly from Kratzer, Dea-son, and Jones. In each of those cases, the defendant had filed a motion to dismiss before the trial court alleging the plaintiff had not filed a notice of claim prior to bringing suit as required by section 24-10-109. In the present case, no motion to dismiss for failure to comply with the CGIA notice requirements has been filed, nor has there been any fact finding by the district court on this question. Therefore, unlike Kratzer, Deason, and Jones, the doctors here have not had the opportunity to show compliance “[i]n the context of a motion to dismiss.” Maj. Op. at 840.
The fact of compliance with the CGIA notice requirements, rather than the pleading of compliance was determinative in Kratzer, Deason, and Jones. Any statement in those cases concerning a plaintiffs failure to plead compliance with the CGIA provisions was made only after determining the plaintiff had not provided notice based on the evidence presented to the trial court. See Kratzer, 18 P.3d at 769 (finding “it is undisputed that no notice of claim was served on defendants”); Pea- *847 son, 706 P.2d at 1286 (“Plaintiff admits that notice was not filed within 180 days of discovery of his cause of action.”); Jones, 622 P.2d at 94 (noting “it is admitted that plaintiff did not file the required notice”). This conclusion is borne out by the ruling in Morgan v. Board of Water Works of Pueblo, 887 P.2d 300 (Colo.Ct.App.1992), which affirmed the trial court’s denial of a motion for judgment notwithstanding the verdict in which the Board asserted plaintiffs failed to plead and prove compliance with the notice provisions of the CGIA. The Colorado Court of Appeals concluded that although plaintiffs had failed to plead compliance, the record developed at trial established the plaintiffs’ compliance. The court rejected the Board’s argument that Deason or Jones required a different result. The court in Morgan stated where the underlying evidence shows compliance, it is improper “to treat plaintiffs’ failure to plead such compliance as a jurisdictional bar.” Id. at 302.[6]
Colorado courts have repeatedly held that because the inquiry into “[wjhether a claimant has satisfied the [jurisdictional] requirements of section 24-10-109(1) presents a mixed question of law and fact,” Mesa County Valley Sch. Dist. No. 51 v. Kelsey, 8 P.3d 1200, 1204 (Colo.2000), it is the trial court’s task to analyze whether the CGIA notice requirements have been met. Further, only after that inquiry is complete and only after the court determines that the plaintiff did not comply with the CGIA are claims dismissed for failure to plead CGIA compliance.
The proper course here is to remand the case to the district court for an evidentiary hearing on whether Drs. Brazina and Na-dler provided proper notice as required by section 24-10-109(1). See Gallagher v. Bd. of Tr., 54 P.3d 386, 388 (Colo.2002) (remanding to trial court to “hold a pre-trial hearing to resolve fact questions” regarding notice' compliance); see also Mesa Valley, 8 P.3d at 1204 (noting “[w]hen determining whether a plaintiff has complied with the requirements of section 24-10-109(1), the relevant facts include but are not necessarily limited to the persons, dates, and documents associated with the plaintiffs alleged injury and filing of written notice”). The majority states that a remand is improper because, although in Gallagher a factual dispute existed necessitating the remand, “Here, there is no factual dispute.” Maj. Op. at 841.[7] However, the majority thereafter also notes that “it is not clear from the record whether Doctors Brazina and Nadler can cure their deficient pleading.” Id. at 842 (emphasis added). As these conflicting statements suggest, this court cannot determine on the record before us whether the doctors have complied with the notice requirements.
*848 I would remand to the district court on Counts XIII, XVI, and XVIII as they relate to Drs. Brazina and Nadler for a factual determination of whether they gave timely notice as the CGIA requires.

. The parties have, filed jurisdictional briefs in response to our show cause order directing the parties to address (1) whether the district court’s December 12, 2001, order denying the Hospital's motion to dismiss based on CGIA was a final appealable decision under 28 U.S.C. § 1291, or any recognized exception to the final judgment rule, and (2) whether a state statute, Colo.Rev.Stat. § 24-10-108, may define a federal appellate court's jurisdiction.

. Colo.Rev.Stat. § 24-10-108 states:
Except as provided in sections 24-10-104 to 24-10-106, sovereign immunity shall be a bar to any action against a public entity for injury which lies in tort or could lie in tort regardless of whether that may be the type of action or the form of relief chosen by a claimant. If a public entity raises the issue of sovereign immunity prior to or after the commencement of discovery, the court shall suspend discovery, except any discovery necessary to decide the issue of sovereign immunity, and shall decide such issue on motion. The court’s decision on such motion shall be a final judgment and shall be subject to interlocutory appeal.
Similarly, Colo.Rev.Stat. § 24-10-118(2.5) states:
If a public employee raises the issue of sovereign immunity prior to or after the commencement of discovery, the court shall suspend discovery; except that any discovery necessary to decide the issue of sovereign immunity shall be allowed to proceed, and the court shall decide such issue on motion. The court's decision on such motion shall be a final judgment and shall be subject to interlocutory appeal.

. It is clear the district court order is not a final decision as defined in § 1291. As plaintiffs also correctly note, the "District Court did not expressly certify its decision pursuant to either 28 U.S.C. § 1292(b) or Fed.R.Civ.P. 54(b).” Aple. Br. at 10. The Hospital does not contest this statement and does not assert jurisdiction under this statutory exception.

. As the Hospital artfully contends, this distinction comports with the third requirement — an interlocutory appeal is only needed to protect a right insofar as that entitlement is the right to be free from all litigation; not allowing an interlocutory appeal in that instance will subject that party to litigation. But, if the right is simply to be free from liability, then proceeding to trial will not itself violate that right and requirement three will not be met.

. I concur in the majority’s ultimate holding as it relates to A.O.S.M. Although I do not conclude that Colorado requires a plaintiff to plead compliance with the CGIA as a jurisdictional prerequisite to suit, I do agree the correct outcome as regards A.O.S.M.’s claims in Counts VIII, XV, and XVIII is to remand for a factual determination addressing A.O.S.M.'s compliance with, the CGIA.

. In distinguishing Morgan, the majority concludes it is not bound by the decision because the Colorado Court of Appeals applied Colo. R. Civ. P. 15(b) to reach its conclusion. Maj. Op. at 848 n. 8. I am not persuaded by this distinction. First, as the majority notes, Colo. R. Civ. P. 15(b) has an identical federal counterpart which also states: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.” Fed.R.Civ.P. 15(b). To the extent the Colorado procedural rule decides this question of Colorado law, the fact that there is an identical federal rule should weigh heavily in favor of an identical outcome. Second, by relying on Colo. R. Civ. P. 15(b) in the context of deciding whether failure to plead CGIA compliance was jurisdictional, the Colorado Court of Appeals held that such failure was plainly not jurisdictional.

. I would submit we do not know if there is a factual dispute in the present case because the question of notice compliance is being raised for the first time on appeal.