**INTERMOUNTAIN RURAL ELECTRIC ASSOCIATION and Eugene Kleinknecht, Petitioners,**

v.

**The PUBLIC UTILITIES COMMISSION of the State of Colorado, and the Individual Members thereof, Edythe S. Miller, Andra Schmidt, and Ronald L. Lehr, Respondents.**

No. 85SA116.

Supreme Court of Colorado, En Banc.

June 23, 1986.

As Modified on Denial of Rehearing Aug. 25, 1986.

Banta, Hoyt, Banta, Greene, Hannen & Everall, Richard D. Greene, Edward A. Gleason, Englewood, for petitioners.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John E. Archibold, Sp. Asst. Atty. Gen., Denver, for respondents.

John J. Conway, Denver, for amicus curiae, Colorado Rural Elec. Assn.

Richard J. Carvill, pro se.

ERICKSON, Justice.

The petitioners in this original proceeding, Intermountain Rural Electric Association (IREA) and Eugene Kleinknecht, Secretary of the IREA Board of Directors, seek relief in the nature of prohibition to suspend any further proceedings in case number 6394 before the respondents, Colorado Public Utilities Commission (PUC) and the individual PUC Commissioners. We issued a rule directing the respondents to show cause why the proceedings before the PUC should not be prohibited. Since we do not have original jurisdiction to grant the relief requested, we discharge the rule to show cause as being improvidently granted.

I.

On June 12, 1984, Richard Carvill, a member of IREA, filed case number 6394 with the PUC. Carvill's formal complaint alleged that petitioner Kleinknecht acted illegally and beyond the scope of his corporate authority when, on June 1, 1984, he unilaterally rejected petitions containing the signatures of approximately 6,000 IREA members. The petitions demanded a special meeting of IREA members to vote on the recall of the IREA president, secretary Kleinknecht, and two other IREA directors. Carvill requested that the PUC invalidate Kleinknecht's rejection of the petitions. On June 26, 1984, the PUC issued its order to IREA and Kleinknecht to satisfy or answer the complaint.

On June 25, 1984, an unincorporated association called "Concerned Members of Intermountain Rural Electric Association" and six individual IREA members filed case number 84CV1632 in Jefferson County District Court against IREA and the four directors named in the PUC action. The complaint in district court made allegations of general mismanagement and also asserted that Kleinknecht's rejection of the recall petitions violated two provisions in the

IREA bylaws. The plaintiffs sought: (1) a declaration that the defendants had violated the IREA bylaws; (2) an order requiring IREA to call a special meeting of IREA members to vote on the recall of the defendants; and (3) an award of plaintiffs' costs and attorneys' fees.

IREA and Kleinknecht, defending two actions arising from essentially equivalent factual allegations and seeking similar relief, moved for dismissal of the PUC action on the ground that the PUC lacked jurisdiction to hear the case. The PUC Examiner held that the PUC had no jurisdiction to consider claims of corporate mismanagement absent evidence of detriment or prejudice to the utility's rate-payers. The examiner ordered the case dismissed because it was not supported by evidence of harm to IREA rate-payers. Carvill filed exceptions to the order with the PUC. The PUC Commissioners overruled the dismissal order and remanded to the examiner for a decision on the merits. IREA and Kleinknecht then sought relief in the nature of prohibition to prevent further proceedings by the PUC. On April 11, 1985, we issued an order to show cause why the PUC and the individual PUC Commissioners should not be prohibited from conducting further proceedings.

## II.

The Colorado Supreme Court is vested with judicial power under article VI of the Colorado Constitution. Our jurisdiction to issue original and remedial writs is granted by article VI, section 3, which in part provides that: "The supreme court shall have power to issue writs of habeas corpus, mandamus, quo warranto, certiorari, injunction, and such other original and remedial writs as may be provided by rule of court with authority to hear and determine the same; ...." Colo. Const. art. VI, § 3.

Colorado Appellate Rule 21 defines the cases in which prohibition may be sought from this court:

Relief in the nature of prohibition may be sought in the Supreme Court *where the district court is proceeding without or in excess of its jurisdiction* or where the district court has granted or denied change of venue in actions in rem or in actions where the statute prescribes the forum.

C.A.R. 21(a) (emphasis added).

We have no original jurisdiction under C.A.R. 21 to issue a writ of prohibition against an independent regulatory commission such as the PUC. Accordingly, we discharge the rule to show cause as being improvidently granted.