**EAST LAKEWOOD SANITATION DISTRICT, Petitioner,**

v.

**DISTRICT COURT In and For the COUNTY OF JEFFERSON and State of Colorado and the Honorable Tom Woodford, one of the Judges thereof, Respondents.**

No. 92SA242.

Supreme Court of Colorado,
En Banc.

Dec. 14, 1992.

Fowler, Schimberg & Cowman, P.C., Daniel M. Fowler, Terrence P. Murray, Denver, for petitioner.

F. Lee Maes, Denver, for plaintiff Peter J. Dalinas.

Justice VOLLACK delivered the Opinion of the Court.

■ Petitioner East Lakewood Sanitation District (Sanitation District) petitions this court for a writ of prohibition in *East Lakewood Sanitation District v. District Court*, No. 91CV2865, wherein the district court ruled that strict compliance with the 180–day notice requirement set forth in section 24–10–109(1), 10A C.R.S. (1988), is not required.[1] We disagree, and make the rule to show cause absolute.

I.

On August 14, 1989, Peter J. Dalinas (Dalinas) was operating a motorcycle on a street in the City of Lakewood, in Jefferson County. Dalinas was thrown from his motorcycle after traversing an open or uncovered manhole. As a result of the accident, Dalinas sustained numerous injuries.

On January 22, 1990, agents of Dalinas served a "Notice of Injury" on the City of Lakewood and on the State of Colorado Highway Department. On February 27, 1990, an agent of Dalinas served a "Notice of Injury" on the "East Lakewood Sanitorial District."

On August 13, 1991, Dalinas commenced a civil action by filing a complaint against various entities and individuals. Dalinas did not name the Sanitation District as a

---

1. The Sanitation District filed its petition pursuant to C.A.R. 21(a), which provides that "[r]elief in the nature of prohibition may be sought in the Supreme Court where the district court is proceeding without or in excess of its jurisdiction." "Relief in the nature of prohibition may be used to determine whether 'the district court "is proceeding without or in excess of its jurisdiction." ' " *Halaby, McCrea & Cross v. Hoffman*, 831 P.2d 902, 905 (Colo.1992) (quoting *White v. District Court*, 695 P.2d 1133, 1135 (Colo.1984) (quoting C.A.R. 21(a))). Prohibition is an appropriate remedy where trial courts abuse their discretion and an appeal would not be adequate. *Halaby, McCrea*, 831 P.2d at 905; *Intermountain Rural Elec. Assoc. v. Public Utils. Comm'n*, 723 P.2d 142, 143 (Colo.1986); *Jordan v. County Court*, 722 P.2d 450, 452 (Colo.App. 1986); C.R.C.P. 106(a)(4).

defendant in his original complaint. Dalinas filed an amended complaint naming the Sanitation District as a defendant on May 18, 1992. In his amended complaint, Dalinas alleged that

> 16. The [Sanitation District] was notified after a diligent search and good faith effort to identify them was made by [Dalinas]. An investigation of the incident was made by [Dalinas] and his representatives in an attempt to notify potential parties in a timely fashion pursuant to Colorado Statute C.R.S. 24–10–109. Although [Dalinas] was able to contact the City of Lakewood and the State of Colorado within the statutorily designated period, *he was unable to determine that the [Sanitation District] was a potential third party until shortly after the expiration of the notification period.* Upon learning of the [Sanitation District], [Dalinas] immediately notified this entity.

> 17. Under certain circumstances Colorado Statute C.R.S. 24–10–109 does allow for the inclusion of a party to a suit where the [p]laintiff was unable to notify that party within the time limits designated under the statute.

(Emphasis added.) The Sanitation District was served with the amended complaint on September 18, 1991, approximately eight months before the amended complaint was filed.

On October 3, 1991, the Sanitation District filed a motion to dismiss, alleging that the district court had no subject matter jurisdiction over the claim filed against the Sanitation District because Dalinas failed to comply with the 180–day notice requirement of section 24–10–109(1). The district court ruled to the contrary.

The district court found that, under this court's decision in *Woodsmall v. Regional Transportation District*, 800 P.2d 63 (Colo.1990), plaintiffs need only "substantially comply with [section] 24–10–109." The district court also found that "strictly enforcing the 180–day time limit in this case would be hypertechnical." Thus the district court denied the Sanitation District's motion to dismiss, since Dalinas served the public entities which Dalinas reasonably believed were involved, and since the Sanitation District did not show that it was prejudiced by Dalinas' late notice.

The Sanitation District seeks relief from this ruling, and contends that the district court acted in excess of its jurisdiction by concluding that the 180–day notice requirement is not a jurisdictional prerequisite to actions filed under the Governmental Immunity Act. We agree.

## II.

Section 24–10–109, titled **"Notice Required—contents—to whom given—limitations,"** provides:

> (1) Any person claiming to have suffered an injury by a public entity or by an employee thereof while in the course of such employment *shall file* a written notice as provided in this section within one hundred eighty days after the date of the discovery of the injury, regardless of whether the person then knew all of the elements of a claim or of a cause of action for such injury. Compliance with the provisions of this section shall be a jurisdictional prerequisite to any action brought under the provisions of this article, and failure of compliance shall forever bar any such action.

§ 24–10–109(1), 10A C.R.S. (1988) (emphasis added). Subsection (2) specifies the items of information that must be included in the notice provided by claimants. § 24–10–109(2)(a)–(e), 10A C.R.S. (1988).

In 1986, the General Assembly amended this section. Ch. 166, 1986 Colo.Sess.Laws 877. The pre–1986 version of the section provided that *"substantial* compliance with the notice provisions of this section shall be a *condition precedent* to any action brought under the provisions of this article, and failure of substantial compliance shall be a complete defense to any such action." § 24–10–109(1), 10A C.R.S. (1982) (emphasis added).

This court has had occasion to interpret section 24–10–109 after the section was amended in 1986. *City and County of Denver v. Desert Truck Sales, Inc.*, 837

P.2d 759 (Colo.1992); *Woodsmall v. Regional Transportation District*, 800 P.2d 63 (Colo.1990). In *Desert Truck*, we noted that "[c]ompliance with the notice provision is a condition precedent to the assertion of a claim under the [Governmental Immunity] Act and failure to comply with the notice requirement bars the claim for injury." *Desert Truck*, 837 P.2d at 763.

In *Woodsmall*, we were confronted with the issue of whether the 1986 amendments to section 24–10–109 mandate absolute or strict compliance with the notice claims. *Woodsmall*, 800 P.2d at 66–67. The plaintiffs in *Woodsmall* timely filed a "Notice of Claim Pursuant to C.R.S. 24–10–109" with the Regional Transportation District (RTD) approximately 120 days after an RTD bus struck plaintiffs' vehicle, causing plaintiffs to sustain injuries. RTD filed a motion to dismiss plaintiffs' action on the grounds that the Notice did not list the personal injuries sustained and did not specifically identify one of plaintiffs' claims. The district court agreed and granted the motion. The plaintiffs sought relief in this court, contending that the district court erred by finding that section 24–10–109 requires strict compliance.[2]

We found that the 1986 amendment to section 24–10–109 was central to the resolution of the case. *Id.* at 64. We examined both the legislative committee hearings on the 1986 amendment to the section and the purpose underlying the notice requirement. *Id.* at 68–69. We concluded that the section requires substantial compliance with the notice requirement. *Id.* at 69. We defined substantial compliance as

> requir[ing] a claimant, *within 180 days of the discovery of an injury,* to file written notice with the public entity and to make a good faith effort to include within the notice, to the extent the claimant is reasonably able to do so, each item of information listed in section 24–10–109(2).

*Id.* (emphasis added). We noted further that subsection (3) "is intended as a method

of conclusively establishing ... the effective date of service, for purposes of the 180–day requirement." *Id.* We did not hold that substantial compliance with respect to the 180–day requirement would be tolerated. We decline to do so here.

"A court's primary task in statutory construction is to ascertain and give effect to the legislative purpose underlying a statutory amendment." *Id.* at 67 (relying on *Colorado Common Cause v. Meyer*, 758 P.2d 153, 160 (Colo.1988); *Kern v. Gebhardt*, 746 P.2d 1340, 1344 (Colo.1987)). "When the statutory language is clear and unambiguous, there is no need to resort to interpretive rules of statutory construction, since in that instance it reasonably may be presumed that the General Assembly meant what it said." *Id.* (relying on *Griffin v. S.W. Devanney and Co.*, 775 P.2d 555, 559 (Colo.1989); *State Board of Equalization v. American Airlines*, 773 P.2d 1033, 1040 (Colo.1989)). When ascertaining legislative purpose, we "give words their commonly accepted and understood meaning." *Id.; see Griffin*, 775 P.2d at 559. "Where the word 'shall' is used in a statute, it is presumed to be mandatory." *Sargent Sch. Dist. v. Western Servs., Inc.*, 751 P.2d 56, 60 (Colo.1988) (relying on *People v. Clark*, 654 P.2d 847 (Colo.1982)).

We again note that section 24–10–109(1) states:

> Any person claiming to have suffered an injury by a public entity or by an employee thereof while in the course of such employment *shall file a written notice as provided in this section within one hundred eighty days after the date of the discovery of the injury,* regardless of whether the person then knew all of the elements of a claim or of a cause of action for such injury. Compliance with the provisions of this section shall be a jurisdictional prerequisite to any action brought under the provisions of this article, and failure of compliance shall forever bar any such action.

800 P.2d 63, 67 n. 2 (Colo.1990).

2. The plaintiffs also raised various constitutional claims. *Woodsmall v. Regional Transp. Dist.*,

**236**

(Emphasis added.) The phrase "shall file a written notice as provided in this section within one hundred eighty days after the date of the discovery of the injury" imposes a mandatory requirement that claimants, such as Dalinas, file a written notice within one hundred eighty days from the date on which they discovered their injuries. The presence of the word "shall" in the clause, which is set off from the remainder of the sentence by a comma, dictates this unambiguous reading. The legislative purposes of facilitating both prompt investigations of claims and remedies of dangerous conditions by public entities are served by this reading. *See Woodsmall,* 800 P.2d at 68.

Additionally, the section continues by stating that compliance with the requirements of the section is a jurisdictional prerequisite to any action brought under the Governmental Immunity Act. Thus, under the plain language of the section, when a party fails to strictly comply with the 180–day notice requirement, the party's action must be dismissed.

Our holding in *Woodsmall* was limited to interpreting "compliance" with respect to the contents of the notice given by claimants. *Id.* The district court found that the language in section 24–10–109(1), in light of our holding in *Woodsmall,* does not require strict compliance with respect to the 180–day notice requirement. While noting that *Woodsmall* did not address whether "substantial compliance" encompassed the 180–day notice requirement, the district court found that strict enforcement would be ·"hypertechnical." *Woodsmall,* however, does not support the district court's interpretation. The General Assembly, by incorporating the word "shall," indicated that the 180–day time requirement must be complied with as a jurisdictional prerequisite. We conclude that the district court erred. We make the rule to show cause absolute and remand the case for further proceedings consistent with this opinion.