23CA1908 Mostellar v City of Colo Spgs 10-24-2024

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA1908
El Paso County District Court No. 23CV31616
Honorable Eric Bentley, Judge

---

Jaimi J. Mostellar,

Plaintiff-Appellee,

v.

City of Colorado Springs, a Colorado municipality,

Defendant-Appellant.

---

ORDER REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division V
Opinion by JUDGE GROVE
Lum, J., concurs
Freyre, J., specially concurs

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 24, 2024

---

Kane Law Firm, P.C., Mark H. Kane, Colorado Springs, Colorado, for Plaintiff-Appellee

Wynetta P. Massey, City Attorney, W. Erik Lamphere, Division Chief, Colorado Springs, Colorado, for Defendant-Appellant

¶ 1     Defendant, the City of Colorado Springs, appeals the district court's order denying its motion to dismiss based on the failure of plaintiff, Jaimi Mostellar, to provide timely notice of her claim under the Colorado Governmental Immunity Act (CGIA).  We reverse, holding that because Mostellar did not provide timely notice to Colorado Springs as required by the CGIA, the district court did not have subject matter jurisdiction over the case.  We also remand to the district court to determine Colorado Springs's reasonable attorney fees.

## I.     Background

¶ 2     Mostellar alleged in her complaint that, on August 26, 2021, she was walking on a sidewalk in Manitou Springs when she tripped over the remnant of a bus stop sign and fell, injuring herself.  Believing that Manitou Springs was responsible for maintaining the sign, she gave timely notice of her claim to Manitou Springs 131 days after her fall.  *See* § 24-10-109(1), C.R.S. 2024 (requiring a "person claiming to have suffered an injury by a public entity" to "file a written notice as provided in this section within one hundred eighty-two days after the date of the discovery of the injury").

1

¶ 3     However, in April 2023, approximately a year and a half after Mostellar's fall, Manitou Springs informed her it was not responsible for maintaining the sign.  Instead, Manitou Springs asserted that the sign was Colorado Springs's responsibility under an intergovernmental agreement between the cities for bus services.

¶ 4     Mostellar notified Colorado Springs of her claim in May 2023, roughly one month after Manitou Springs told her about the intergovernmental agreement but more than 600 days after she was injured.  Mostellar ultimately filed suit against Colorado Springs on August 24, 2023.

¶ 5     Colorado Springs moved to dismiss Mostellar's complaint, asserting that the district court lacked subject matter jurisdiction because Mostellar failed to provide Colorado Springs with notice of her claim within the CGIA's 182-day deadline.

¶ 6     Noting that there were no factual disputes, the district court denied the motion to dismiss after concluding that the CGIA's notice period did not begin to run until Mostellar was informed of the intergovernmental agreement between Manitou Springs and Colorado Springs.  Thus, the court ruled that because Mostellar provided notice to Colorado Springs within 182 days of learning of

the intergovernmental agreement, she complied with section 24-10-109(1).

¶ 7    Colorado Springs now appeals the district court's denial of its motion to dismiss as permitted by section 24-10-108, C.R.S. 2024.

## II.    Standard of Review and Applicable Law

¶ 8    Timely notice under the CGIA is a matter of subject matter jurisdiction. *See Trinity Broad. of Denver, Inc. v. City of Westminster*, 848 P.2d 916, 924 (Colo. 1993). Whether a plaintiff has satisfied the CGIA's notice requirement is a mixed question of law and fact. *City & Cnty. of Denver v. Crandall*, 161 P.3d 627, 633 (Colo. 2007). However, where, as here, the jurisdictional facts are undisputed, we apply de novo review. *Id.*; *see also Winkler v. Rocky Mountain Conf. of United Methodist Church*, 923 P.2d 152, 159 (Colo. App. 1995) ("[I]f the undisputed facts clearly show that a plaintiff discovered, or reasonably should have discovered, the negligent conduct as of a particular date, the issue may be decided as a matter of law.").

### III. Mostellar's Notice was Untimely

¶ 9    Colorado Springs contends the district court erroneously found that Mostellar complied with the CGIA's notice requirement. We agree.

¶ 10    The CGIA requires a person claiming to have suffered an injury by a public entity to file written notice with the entity within 182 days "after the date of the discovery of the injury, regardless of whether the person then knew all of the elements of a claim or of a cause of action for such injury." § 24-10-109(1).  The 182-day deadline is jurisdictional, and because it is a non-claim provision, it cannot be waived, tolled, or estopped.  *Mesa Cnty. Valley Sch. Dist. No. 51 v. Kelsey*, 8 P.3d 1200, 1206 (Colo. 2000).  Thus, failure to strictly comply with the CGIA's notice requirements requires dismissal of the action.  *See Crandall*, 161 P.3d at 633-34; *Reg'l Transp. Dist. v. Lopez*, 916 P.2d 1187, 1190-91 (Colo. 1996).

¶ 11    The CGIA's notice period begins when a claimant "knew or, through the exercise of reasonable diligence, should have known" that she was wrongfully injured.  *Trinity*, 848 P.2d at 927.  The claimant need not yet know the cause of the injury or the extent of the damage.  *Gallagher v. Bd. of Trs. for Univ. of N. Colo.*, 54 P.3d

4

386, 391 (Colo. 2002), *abrogated on other grounds by Martinez v. Est. of Bleck*, 2016 CO 58.  Nor is the claimant required to know the identity of the tortfeasor for the CGIA's notice period to begin.  *See E. Lakewood Sanitation Dist. v. Dist. Ct.*, 842 P.2d 233, 233-36 (Colo. 1992); *Abrahamson v. City of Montrose*, 77 P.3d 819, 821 (Colo. App. 2003).

¶ 12    Citing *East Lakewood*, 842 P.2d at 235-36, the district court acknowledged in its order that "[a] claimant's ignorance as to what parties may bear responsibility for the injury is not a defense to the notice deadline."  But the court nonetheless denied the motion to dismiss, distinguishing *East Lakewood* on the basis that "Mostellar could [not] reasonably have been expected to know that [Colorado Springs] had any potential liability or to find out about the intergovernmental agreement between the two municipalities other than by proceeding as she did — giving Manitou Springs notice of her claim and awaiting its response."  Under these circumstances, the court concluded, it was required to follow the "squarely on point" holding of *State v. Young*, 665 P.2d 108 (Colo. 1983), and deny the motion to dismiss.

¶ 13    For two reasons, we disagree with the district court's reliance on *Young* and conclude that Mostellar's notice period under the CGIA began to run on August 26, 2021, the date of her fall.

¶ 14    First, the district court's adherence to *Young* does not adequately account for the General Assembly's 1986 decision to amend section 24-10-109(1) in direct response to the supreme court's holding in that case. The amendment to section 24-10-109(1) was intended, in part, to clarify that the CGIA's notice period is triggered by the discovery of the injury, and not by the discovery of the legal theory for the plaintiff's claim. *See Lopez*, 916 P.2d at 1192-93. Following the passage of this statutory amendment, an injured party has the burden to "determine the cause of the injury, to ascertain whether a governmental entity or public employee is the cause, and to notify the governmental entity" within the statutory time limit. *Trinity*, 848 P.2d at 927.

¶ 15    Nothing in *Young* suggests that a claimant's ability — or inability — to identify the governmental entity that caused her injury has any bearing on the date on which the CGIA notice clock starts. Indeed, there was never any question in *Young* that the Colorado State Patrol was the entity responsible for allegedly

6

negligently misfiling the traffic ticket and summons that ultimately led to the plaintiff's unlawful arrest and her subsequent tort claim. Instead, the holding in *Young* hinged on the supreme court's conclusion that the plaintiff could not have sought redress under the CGIA until she received confirmation of the officer's error via a copy of the El Paso County Court docket. *Young*, 665 P.2d at 110 ("Young's claim that the defendants negligently misfiled the original traffic complaint and summons [that led to her arrest] could not have been brought until Young discovered the alleged negligence upon receipt of the docket sheet on March 17, 1978."). That is, although the plaintiff knew that she had been arrested, she did not discover that her arrest was wrongful until she confirmed her suspicions via the court docket. Accordingly, applying the pre-1986 version of section 24-10-109(1), the supreme court held that the CGIA clock began running on the date that she received the docket instead of on the date of her arrest. *Id.* at 111. Nowhere in *Young*, however, do we see any suggestion that the statutory deadline should be similarly extended in cases where the identity of the at-fault governmental entity is not immediately clear. To the contrary, the statute "imposes a mandatory requirement that claimants . . .

file a written notice within one hundred eighty[-two] days from the date on which they discovered their injuries." *E. Lakewood*, 842 P.2d at 236.

¶ 16    Second, there are material distinctions between the circumstances in *Young* and the facts here.  As we have already noted, the *Young* court found it significant that the plaintiff could not be certain that her arrest was wrongful until she received a copy of the docket that allowed her to "discover[] the alleged negligence." *Young*, 665 P.2d at 110.  There was no such uncertainty in this case because, assuming the accuracy of the allegations in the complaint, it would have been immediately apparent that Mostellar's fall and injury was the result of negligence that met the CGIA's definition of "injury."  *See* § 24-10-103(2), C.R.S. 2024 ("'Injury' means . . . injury to a person, . . . of whatsoever kind, which, if inflicted by a private person, would lie in tort or could lie in tort . . . .").  Because Mostellar knew or should have known that she was injured by falling over the remnant of the sign, and because an injury caused by the dangerous condition of a public sidewalk lies in tort or could lie in tort, *see* § 24-10-

106(1)(d)(I), C.R.S. 2024, the CGIA's clock started running right away.

¶ 17     We are not persuaded otherwise by Mostellar's argument that she should be deemed to have satisfied the notice requirement because she investigated and pursued her claim with reasonable diligence.  Section 24-10-109(1) requires *strict* compliance with the 182-day deadline.  Substantial compliance is not enough.  *See Lopez*, 916 P.2d at 1190 ("Failure to strictly comply with the 18[2]-day notice requirement results in dismissal of the action."); *E. Lakewood*, 842 P.2d at 236 ("The General Assembly, by incorporating the word 'shall,' indicated that the 18[2]–day time requirement must be complied with as a jurisdictional prerequisite."); *Armstead v. Mem'l Hosp.*, 892 P.2d 450, 452-53 (Colo. App. 1995) (rejecting plaintiff's argument that "only 'substantial compliance' is required with respect to the notice given by claimants pursuant to § 24-10-109(1)," and holding that "when a party fails to establish that proper notice was provided in compliance with the 18[2]–day notice requirement, the party's action must be dismissed").

¶ 18    Mostellar knew that she was wrongfully injured on August 26, 2021, and had the burden to investigate her claim and provide CGIA-compliant notice to Colorado Springs within 182 days of that date. Because she did not provide the required notice until 602 days had passed, she failed to strictly comply with the statutory deadline and her complaint should have been dismissed for lack of subject matter jurisdiction.[1]

## IV.    Attorney Fees

¶ 19    Colorado Springs also requests its attorney fees — incurred in the district court and on appeal — under section 13-17-201, C.R.S. 2024. An award of attorney fees under that statute is mandatory when a court dismisses a tort action under C.R.C.P. 12(b) before trial. *Crandall v. City & Cnty. of Denver*, 238 P.3d 659, 663 (Colo. 2010). Appellate attorney fees are likewise mandatory. *See Falcon*

---

[1] Like the special concurrence, we acknowledge that this is a harsh result, and perhaps an inequitable one, under these circumstances. Nevertheless, we are bound by *East Lakewood Sanitation District v. District Court*, 842 P.2d 233, 233-36 (Colo. 1992), in which the supreme court held that the language of section 24-10-109(1), C.R.S. 2024, unambiguously requires strict compliance with the 182-day deadline.

*Broadband, Inc. v. Banning Lewis Ranch Metro. Dist. No. 1*, 2018 COA 92, ¶ 66.

¶ 20    Because we conclude that the district court did not have subject matter jurisdiction over Mostellar's complaint against Colorado Springs, Colorado Springs is entitled to its reasonable attorney fees incurred in the district court and on appeal.  We therefore remand this case to the district court to determine Colorado Springs's reasonable attorney fees.  *See* C.A.R. 39.1.

## V.    Disposition

¶ 21    We reverse the district court's order and remand the case with directions to dismiss Mostellar's tort claims and to determine Colorado Springs' reasonable attorney fees.

JUDGE LUM concurs.

JUDGE FREYRE specially concurs.

JUDGE FREYRE, specially concurring

¶ 22    While I agree with the majority's reasoning and its application of the law, I write separately to express my concern with the policy implications of our decision and to suggest that the General Assembly consider statutory modifications to section 24-10-109(1), C.R.S. 2024, to address this concern.

¶ 23    The Colorado Supreme Court has made clear that the notice provision of the Colorado Government Immunity Act (CGIA) should not act as a "trap for the unwary," *Jefferson Cnty. Health Servs. Ass'n v. Feeney*, 974 P.2d 1001, 1003 (Colo. 1998), and that "interpretations of the [C]GIA should not permit public entities to manipulate the notice provision to dodge otherwise proper suits," *Finnie v. Jefferson Cnty. Sch. Dist. R-1*, 79 P.3d 1253, 1258 (Colo. 2003).  While these cases concerned section 24-10-109(3), and not the provision at issue here, section 24-10-109(1), the facts of this case illustrate the real possibility that public entities can manipulate the jurisdictional 182-day notice requirement by failing to timely inform a plaintiff of intergovernmental agreements (IAs) affecting jurisdiction.

¶ 24    Cases interpreting section 24-10-109(1) have consistently held that it is a non-claim statute not subject to equitable defenses such as waiver, tolling, or estoppel, *Mesa Cnty. Valley Sch. Dist. No. 51 v. Kelsey*, 8 P.3d 1200, 1206 (Colo. 2000), and that strict compliance with its terms is required, *Finnie*, 79 P.3d at 1256.  Such an interpretation facilitates the public policy of "prompt investigation[] of claims and remedies of dangerous conditions by public entities." *E. Lakewood Sanitation Dist. v. Dist. Ct.*, 842 P.2d 233, 236 (Colo. 1992).  And we reach the decision we do here because we are bound by decisions of the supreme court.  *People v. Smith*, 183 P.3d 726, 729 (Colo. App. 2008).

¶ 25    However, the facts of this case contradict this "prompt investigation" policy and beg the question why it took the City of Manitou Springs a year and a half to inform Mostellar of an IA that was executed only a few months before her fall.  The city's delay made it impossible for her to comply with section 24-10-109(1).  Moreover, the length of the delay raises the question whether the IA's existence was discoverable through the exercise of reasonable diligence.

13

¶ 26     Case law in the context of section 24-10-109(3) makes clear that "[a]llowing public entities to mislead plaintiffs about how to meet the requirements of the notice provision, and then to assert the affirmative defense of noncompliance, is beyond the legitimate purposes of the [C]GIA's notice provision." *Finnie*, 79 P.3d at 1258. I see no reason why this same policy should not apply to section 24-10-109(1).  Accordingly, I specially concur.