No. 9091.

COLLARD v. HOHNSTEIN.

1. STATUTE—*Remedy Prescribed—When Exclusive.* To have this effect the statute must expressly or by necessary implication, abrogate the right to an action given by the common law, a former statute.

2. —— *Exempt Property—Action for Unlawful Levy.* The property owner is not restricted to the proceeding prescribed by Rev. Stat. secs. 3782, 3783, but may have his action for treble damages, under Rev. Stat. sec. 3634.

*Error to Logan District Court, Hon. Haslett P. Burke, Judge.*

Mr. W. L. HAYS, for plaintiff in error.

Messrs. MUNSON, KEATING & MUNSON, for defendant in error.

Mr. Justice Bailey delivered the opinion of the court.

THIS is an action brought under section 3634, R. S. 1908, for treble damages for the alleged unlawful seizure, under process, by a constable, of property claimed to be exempt from execution sale. Verdict and judgment were for plaintiff. Defendant assigns error and brings the judgment here for review.

The sole question is whether the trial court had jurisdiction to hear and determine the case. The theory of plaintiff in error is that no action for the wrongful levy of an attachment writ will lie against a constable making such levy, and that the only remedy open is under sections 3782 and 3783, R. S. 1908, providing for a hearing before a justice of the peace to determine ownership, or the ex-

emption from process of property attached.     It is urged that these statutory remedies are exclusive.

To deprive plaintiff of his common law right of action it is essential that it affirmatively appear that the statutes themselves, either directly or by necessary implication, abrogate such right.

In *Madera v. Holdridge,* 4 Colo. App. 126, 35 Pac. 52, this question is indirectly determined.     That was an action for damages for seizure of exempt property upon a writ of attachment out of a justice court, and the question was whether the return of the property had been made within a reasonable time.     The Appellate Court, in holding that this was a question for the jury, tacitly acknowledged the right of plaintiff to maintain the action independent of sections 3782 and 3783, *supra.*

*Harrington v. Smith,* 14 Colo. 376, 23 Pac. 331, 20 Am. St. 272, was a similar action against a constable for unlawful seizure of exempt property.     This court there held in effect that a plaintiff is not necessarily confined to the statutory remedy.

The Court of Appeals, in *Duncan v. Burchinell,* 14 Colo. App. 471, 61 Pac. 61, was another case in which the plaintiff was permitted to recover in an action for damages for alleged wrongful levy upon exempt property under an attachment writ.

It appears, therefore, that the statutory remedy never has been considered exclusive under a state of facts such as are here disclosed.     Section 3782 and 3783, *supra,* do not purport to abolish the other remedies which a litigant had at common law.     The rule is that a remedy provided by one statute does not abolish that given by another, or by common law, unless specifically so provided.     *Colo. Milling & Elevator Co. v. Mitchell,* 26 Colo. 284, 58 Pac. 28.     This principal was applied in *Lilly v. Tuttle,* 52 Colo. 141, 117 Pac 896, Ann Cas. 1913 D, 196, where it was held that the Code provisions concerning arbitration did not affect the common law remedy.     The situation is analagous to a case where the property of a third person has been taken under execution.     In such cases there never has been any doubt

that the third party might either replevin the property or seek relief under the Code.

Upon principle and authority there is no sound legal or logical reason for denying plaintiff a similar election of remedy. The judgment of the trial court is therefore affirmed.

*Judgment affirmed.*

Mr. Chief Justice Hill and Mr. Justice Allen concur.