**No. C-1208**

**Kurt W. Kristensen and Regional Transportation District v. Sophronia J. Jones**

(575 P.2d 854)

Decided March 13, 1978.

Walberg and Pryor, Hugh G. Bingham, for petitioners.

Frickey & Cairns, Richard H. Cairns, Dan W. Corson, for respondent.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, Jeffrey G. Pearson, Assistant, for amicus curiae, The State of Colorado.

Yegge, Hall & Evans, David R. Brougham, for amicus curiae, The Insurer for the State of Colorado

*En Banc.*

MR. JUSTICE CARRIGAN delivered the opinion of the Court.

On May 22, 1975, the respondent's car was involved in a collision with a bus owned by petitioner Regional Transportation District (RTD), and driven by one of its employees, petitioner Kurt W. Kristensen. Kristensen and an RTD supervisor talked with the respondent and filed accident reports with RTD that day. The reports, which were transmitted to RTD's insurance carrier the following day, included notations that the respondent had complained of pain in her shoulder. On June 6, 1975, RTD's insurance carrier paid for the damage to the respondent's car.

The respondent filed suit for damages for personal injuries on September 8, 1975, naming both RTD and the bus driver as defendants. The trial court dismissed the complaint because the respondent had failed to file the written notice required by the Colorado Governmental Immunity Act,[1] and rejected the respondent's argument that she had substantially com-

---

[1] Section 24-10-101 *et seq.*, C.R.S. 1973. The notice provision, section 24-10-109, provides in pertinent part as follows:

*"Notice required — contents — to whom given — limitations.*

"(1) Any person claiming to have suffered an injury by a public entity or by an employee thereof while in the course of such employment shall file a written notice as provided in this section within ninety days after the date of the discovery of the injury. Substantial compliance with the notice provisions of this section shall be a condition precedent to any action brought under the provisions of this article, and failure of substantial compliance shall be a complete defense to any such action.

"(2) The notice shall contain the following:

"(a) The name and address of the claimant, and the name and address of his attorney, if any;

"(b) A concise statement of the basis of the claim, including the date, time, place, and circumstances of the act, omission, or event complained of;

"(c) The name and address of any public employee involved, if known;

"(d) A concise statement of the nature and the extent of the injury claimed to have been suffered;

"(e) A statement of the amount of monetary damages that is being requested."

plied with the statute or that waiver or estoppel prevented RTD from asserting it as a defense. The court of appeals affirmed in part and reversed in part, holding that the complaint against RTD was properly dismissed,[2] but that the respondent's claim against the bus driver in his individual capacity was not barred by her failure to comply with the Immunity Act's notice requirements. *Jones v. Kristensen,* 38 Colo. App. 513, 563 P.2d 959 (1977). We granted certiorari, and now affirm the court of appeals' decision.

■ The petitioners first contend that the written notice of claim specified in section 24-10-109, *supra,* is a condition precedent to maintaining a suit against a public employee in his individual capacity. We do not agree.

Public employees generally have been personally liable for injuries caused by their negligent actions within the scope of employment even when the defense of sovereign immunity was available to their employers. *Antonopoulos v. Town of Telluride,* 187 Colo. 392, 532 P.2d 346 (1975); *Liber v. Flor,* 143 Colo. 205, 353 P.2d 590 (1960). Negligent operators of public vehicles have been included in this rule. *See generally Prosser, Torts* §132 (4th Ed. 1971); 5A *Personal Injury; Actions, Defenses and Damages, Public Officers and Employees* §1.01 *et seq.* (Bender), and cases cited there. An injured person's right to sue the negligent employee of an immune public entity derives from the common law, and we will not lightly infer a legislative abrogation of that right absent a clear expression of intent. *Collard v. Hohnstein,* 64 Colo. 478, 174 P. 596 (1918.[3] No such intent is either expressed or implied in the Immunity Act.

First of all, the legislative declaration of intent provides as follows:

"*Legislative declaration.* It is recognized by the general assembly that the doctrine of sovereign immunity, whereunder the *state and its political subdivisions* are *often immune* from suit for injury suffered by private persons, is, in some instances, an inequitable doctrine. The general assembly also recognizes that the supreme court has abrogated the doctrine of sovereign immunity effective July 1, 1972, and that thereafter the

---

[2] The parties do not dispute that RTD is a "public entity" for the purposes of the Immunity Act. *See* section 32-9-101, *et seq.,* C.R.S. 1973.

[3] *See Colo. Const.* Art. II, sec. 6. For a scholarly discussion of the constitutional limitations on legislative abrogation of common law actions without providing new alternative remedies, *see Noakes v. Gaiser,* 136 Colo. 73, 315 P.2d 183 (1957) (Frantz, J., dissenting):

"[*Colo. Const.* Art. II, sec. 6] is a command to the courts to be open to every person and to afford such person a remedy for injury to him by another, and that such right shall not be denied. A statute contravenes this constitutional provision which would render the court impotent to act where the injunction of the constitutional provision requires that it do act." 136 Colo. at 78, 315 P.2d at 185.

*See also O'Quinn v. Walt Disney Productions, Inc.,* 177 Colo. 190, 493 P.2d 344 (1972); *Finn v. Industrial Commission,* 165 Colo. 106, 110, 437 P.2d 542, 544 (1968) ("[T]he fact that a Commission's award may deprive a claimant of . . . a common law action does not make such a statute unconstitutional . . . . The reason this is so is because a different remedy has been provided the employee by the legislature . . . .").

doctrine shall be recognized only to such extent as may be provided by statute. It is further recognized that the *state and its political subdivisions* by virtue of the services and functions provided, the powers exercised, and the consequences of unlimited liability to the governmental process *should be liable for their actions and those of their agents* only to such an extent and subject to such conditions as are provided by this article. the general assembly also recognizes the desirability of including within one article all the circumstances under which the *state or any of its political subdivisions* may be liable in actions other than contract and that the distinctions for liability purposes between governmental and proprietary functions should be abolished." Section 24-10-102, C.R.S. 1973 (emphasis added).

This declaration clearly indicates that the Immunity Act is designed to deal only with the liability of the "state and its political subdivisions"; there is no mention of individual employee liaiblity.

Moreover, it is well-recognized, and specifically noted in section 24-10-102, *supra*, that the Immunity Act is a legislative response to this court's abolition of the common law sovereign immunity doctrine,[4] and was intended to define the bounds of public entity liability in light of our decision. Since the common law doctrine did not affect an individual employee's liability, it was not necessary that either this court's abrogation of that doctrine or the General Assembly's enactment of the Immunity Act deal with that liability, and neither our opinion nor the statute[5] did so. *Antonopoulos v. Town of Telluride, supra.*

■ Therefore, since the Immunity Act is directed only toward the liability of public entities, the notice of claim requirements of that act are, by their terms, inapplicable:

"Substantial compliance with the notice provisions of this section shall be a condition precedent *to any action brought under the provisions of this article*, and failure of substantial compliance shall be a complete defense to any such action." Section 24-10-109(1), C.R.S. 1973 (emphasis added).

It seems obvious that, since the respondent's claim against the bus driver individually was a common law claim and not "brought under" the Immunity Act, no notice of claim was required. *Antonopoulos v. Town of Telluride, supra.*

■ The petitioners also challenge the court of appeals' holding that if a claimant fails to give the notice required by section 24-10-109, a public entity cannot be liable under section 24-10-110 for a judgment against

---

[4] *Evans v. Board of County Commissioners*, 174 Colo. 97, 482 P.2d 968 (1971); *Flournoy v. School District No. 1*, 174 Colo. 110, 482 P.2d 966 (1971); *Proffitt v. State*, 174 Colo. 113, 482 P.2d 965 (1971).

[5] This conclusion is further supported by other provisions of the Immunity Act, which simply do not address the question of individual employees' liability. *E.g*, sections 24-10-104 through 24-10-108, C.R.S. 1973.

an employee in his individual capacity or for the employee's cost of defense. Having considered the petitioners' arguments and reviewed the Immunity Act as a whole, we conclude that the court of appeals' analysis is correct, and adequately disposes of the issue. As that court noted, to hold otherwise would enable claimants to reach a public entity's resources indirectly when failure to give notice prevents them from doing so directly under the Immunity Act. There is no indication in the statute that the General Assembly intended such a result.

Finally, the respondent challenges the court of appeals' decision regarding the issues of waiver, estoppel, and substantial compliance. We have considered these contentions, and perceive no error in the court of appeals' holding.

Accordingly, the court of appeals' judgment is affirmed.

MR. JUSTICE LEE does not participate.