### MESA COUNTY VALLEY SCHOOL DISTRICT NO. 51, Petitioner,

v.

### Rusti KELSEY, Respondent.

### No. 98SC825.

Supreme Court of Colorado,
En Banc.

Sept. 11, 2000.

Groves & Price, P.C., David A. Price, Grand Junction, Colorado, Attorney for Petitioner.

Doehling & Driscoll, P.C., Gary L. Doehling, Jeffrey L. Driscoll, Grand Junction, Colorado, Attorneys for Respondent.

Chief Justice MULLARKEY delivered the Opinion of the Court.

Respondent Rusti Kelsey (Kelsey) brought this action against petitioner Mesa County Valley School District No. 51 (the District) to recover damages arising from personal injuries suffered in a "slip and fall" accident that occurred at one of the District's schools. The District moved to dismiss the action for lack of subject-matter jurisdiction, arguing that Kelsey failed to comply with the notice-of-claim provisions of the Colorado Governmental Immunity Act (CGIA), sections 24–10–101 to –120, 7 C.R.S. (1999). The trial court denied the District's motion, and the court of appeals affirmed in an unpublished opinion. *See Kelsey v. Mesa County Sch. Dist. No. 51,* No. 97CA0976 (Colo.App. Aug. 13, 1998) (not selected for official publication).

We granted certiorari to the court of appeals to review two issues. The first issue is whether the court of appeals erred by ruling that an accident report form, combined with various medical reports and bills received by the District's risk manager, constituted "written notice" of Kelsey's claim under section 24–10–109(1) of the CGIA. The second issue is whether the court of appeals erred by ruling that Kelsey filed written notice of her claim with the District's duly appointed governing body, as required by section 24–10–109(3) and this court's precedent.

We hold that the court of appeals erred by concluding that the accident report form, medical reports, and bills received by the District's risk manager constituted written notice of Kelsey's claim. Because our conclusion on this issue disposes of the question whether Kelsey complied with the requirements of section 24–10–109, we do not reach the second issue raised on appeal.

We do, however, address Kelsey's argument that this case should be remanded for further proceedings to determine whether the District is estopped from claiming that the trial court lacks subject-matter jurisdiction over this case under section 24–10–109(1). On this issue, we find that estoppel is not a defense to a claimant's failure to file written notice as required by section 24–10–109(1). Accordingly, we reverse the judgment of the court of appeals and order dismissal of the case for lack of subject-matter jurisdiction.

I.

The relevant facts of this case, as found by the trial court, are as follows.

On the evening of November 15, 1995, Kelsey attended a function at Columbus Elementary School, one of the schools operated by the District. Kelsey injured herself when she tripped over a concrete splash block located on school grounds.

Kelsey reported the injury to Columbus Elementary's school nurse, who completed a school accident report form based on Kelsey's oral statements. This report included Kelsey's name, address, and telephone number, as well as a concise description of the nature and cause of Kelsey's injury.

On November 16, 1995, the principal at Columbus Elementary reported the accident to the District's risk manager, Thomas Kalenian (Kalenian). Shortly thereafter, Kalenian received a copy of the accident report form.

Kalenian spoke by telephone with Kelsey about the accident.[1] Eventually, Kalenian referred Kelsey to John Leech (Leech), an employee of Crawford & Company, the insurance adjuster for the self-insurance pool to which the District belongs. Leech spoke by telephone with Kelsey on three separate occasions regarding her medical expenses.

On March 29, 1996, Kalenian received copies of Kelsey's medical bills and reports from her health care provider, Rocky Mountain

---

1. The District asserts that Kalenian asked Kelsey to mail a letter regarding her claim and injuries. This assertion finds support in the record and is not disputed by Kelsey.

HMO. The bills and reports described Kelsey's injuries, the treatment she received, and the cost of that treatment. The trial court found that Rocky Mountain HMO's purpose in submitting the bills and reports was to protect its own interests—namely, a lien on any judgment or reimbursement for medical expenses that Kelsey might recover from the District.

Neither Kelsey nor any entity acting on Kelsey's behalf filed any written documents asserting a claim with the District prior to the expiration of the 180–day period for filing claims mandated by section 24–10–109(1). Eventually, however, 182 days after the date of her injury, Kelsey retained an attorney who promptly submitted a formal written notice of her claim for medical expenses and other damages related to her injury pursuant to section 24–10–109. When the District denied Kelsey's claim, Kelsey commenced this action.

The District moved to dismiss this case for lack of subject-matter jurisdiction, arguing that Kelsey failed to file a written notice of her claim within the 180–day period prescribed by section 24–10–109(1). During a hearing on the motion to dismiss, however, Kalenian testified that receipt of a formal notice of Kelsey's claim by the District within the 180–day filing period would not have affected the District's investigation, remedial action, fiscal arrangements, or preparation of a defense. The parties stipulated that the District's school board, which is its governing body, ordinarily is not informed when the District receives notice of a claim. Kalenian did not know whether the school board would have been notified if a timely formal notice

had been filed in this case, and he testified that the District's attorney generally is not informed of claims unless he is served with a notice or litigation is involved.

The trial court denied the District's motion to dismiss for lack of subject-matter jurisdiction. It concluded that the accident report form generated by Columbus Elementary's school nurse, combined with the medical reports and bills submitted by Rocky Mountain HMO, satisfied the notice requirements of section 24–10–109(1). The court of appeals agreed with the trial court's conclusion, and this appeal followed.

## II.

The District argues that section 24–10–109(1) bars Kelsey's claim because she failed to file a written notice of her claim against the District within 180 days of discovering her injury.[2] Kelsey concedes that the written notice requirements of section 24–10–109 apply to her claim against the District and that she failed to file a formal notice of her claim until 182 days after discovering her injury. Nevertheless, Kelsey argues that the accident report form completed by Columbus Elementary's school nurse and the medical reports and bills submitted by Rocky Mountain HMO, combined, contain all the information required under 24–10–109(2) to be included in a written notice.[3]

The CGIA governs the circumstances under which a person may maintain a tort action against the state, its political subdivisions, and its employees. *See Corsentino v. Cordova,* 4 P.3d 1082, 1086 (Colo.2000). Sec-

---

**2.** Section 24–10–109(1) provides:

Any person claiming to have suffered an injury by a public entity or by an employee thereof while in the course of such employment, whether or not by a willful and wanton act or omission, shall file a written notice as provided in this section within one hundred eighty days after the date of the discovery of the injury, regardless of whether the person then knew all of the elements of a claim or of a cause of action for such injury. Compliance with the provisions of this section shall be a jurisdictional prerequisite to any action brought under the provisions of this article, and failure of compliance shall forever bar any such action. § 24–10–109(1).

**3.** Section 24–10–109(2) requires the written notice to include the following information:

(a) The name and address of the claimant and the name and address of his attorney, if any;
(b) A concise statement of the factual basis of the claim, including the date, time, place, and circumstances of the act, omission, or event complained of;
(c) The name and address of any public employee involved, if known;
(d) A concise statement of the nature and the extent of the injury claimed to have been suffered;
(e) A statement of the amount of monetary damages that is being requested. § 24–10–109(2).

tion 24–10–109(1) of the CGIA establishes a jurisdictional prerequisite to such actions, requiring any person seeking damages from a public entity or employee thereof to provide written notice within 180 days of discovering the injury that is the basis of the claim. *See* § 24–10–109(1); *Jefferson County Health Servs. Ass'n v. Feeney,* 974 P.2d 1001, 1002 (Colo.1998); *Brock v. Nyland,* 955 P.2d 1037, 1040 (Colo.1998).

■ As we previously have observed, the purposes of the written notice required by section 24–10–109(1), as well as the ninety-day waiting period for commencing litigation under section 24–10–109(6), are to allow a public entity to investigate and remedy dangerous conditions, to settle meritorious claims without incurring the expenses associated with litigation, to make necessary fiscal arrangements to cover potential liability, and to prepare for the defense of claims. *See Feeney,* 974 P.2d at 1003; *Regional Transp. Dist. v. Lopez,* 916 P.2d 1187, 1194 (Colo. 1996).

It is important to keep in mind that this portion of the CGIA sets forth a prerequisite to filing a law suit, a civil action that lies in tort or could lie in tort, against a governmental entity. In light of this fact and the plain language of section 24–10–109, it is readily apparent that the "written notice" required by section 24–10–109(1) is notice that the claimant in fact is asserting a claim against the public entity or an employee thereof. *See* § 24–10–109(2)(a) (requiring the written address to include "[t]he name and address of the *claimant* ") (emphasis added); § 24–10–109(2)(b) (requiring "[a] concise statement of the factual basis of the *claim* ") (emphasis added); § 24–10–109(2)(e) (requiring "[a] statement of the amount of *monetary damages that is being requested* ") (emphasis added); § 24–10–109(6) (providing that a plaintiff who has filed the written notice required by section 24–10–109(1) may not commence an action in court until it "has received notice from the public entity that the public entity *has denied the claim* or until after ninety days has passed following the filing of the *notice of claim* required by [section 24–10–109]") (emphasis added).

■ A claim is the assertion of a legal right, and in the context of a tort action against a public entity for personal injuries, a claim is a demand for payment of monetary damages. *See National Cas. Co. v. Great Southwest Fire Ins. Co.,* 833 P.2d 741, 744–45 (Colo.1992); *Harding Glass Co. v. Jones,* 640 P.2d 1123, 1126 (Colo.1982); *see also Black's Law Dictionary* 240 (7th ed.1999) (defining claim as "[t]he assertion of an existing right; any right to payment or to an equitable remedy" and "[a] demand for money or property to which one asserts a right"). Because we interpret the term "written notice" in section 24–10–109(1) to mean written notice of a claim, we hold that any documents on which a plaintiff relies to satisfy the requirements of section 24–10–109(1) necessarily must assert a claim by including a request or demand that the defendant public entity or employee pay the plaintiff an award of monetary damages. *Cf. In re Estate of Ongaro,* 998 P.2d 1097, 1100 (Colo.2000) (requiring an estate creditor's written claim against an estate to contain "a request or demand for payment from the estate").

■ Whether a claimant has satisfied the requirements of section 24–10–109(1) presents a mixed question of law and fact. *See Trinity Broad. of Denver, Inc. v. City of Westminster,* 848 P.2d 916, 924–25 (Colo. 1993). Unless clearly erroneous, we will defer to the trial court's findings of fact. *Swieckowski v. City of Fort Collins,* 934 P.2d 1380, 1384 (Colo.1997); *Trinity Broad.,* 848 P.2d at 924–25. When determining whether a plaintiff has complied with the requirements of section 24–10–109(1), the relevant facts include but are not necessarily limited to the persons, dates, and documents associated with the plaintiff's alleged injury and filing of written notice. *See* § 24–10–109(1).

■ By contrast, whether one or more documents constitute written notice of a claim under section 24–10–109(1) is a question of law subject to *de novo* review. *See Meier v. Denver United States Nat'l Bank,* 164 Colo. 25, 29, 431 P.2d 1019, 1021 (1967) (holding that "the construction of a written instrument [is] a question of law"); *Gilpin Inv. Co. v. Blake,* 712 P.2d 1051, 1053 (Colo. App.1985) ("Where there is a question re-

garding the interpretation of a deed or written document, the terms thereof raise issues of law, and the trial court's findings are not binding on review."). Looking to the documents as a whole, we must determine whether they objectively request or demand that the recipient of the notice pay the claimant monetary damages.

■ We find that the documents on which Kelsey relies fail to make an explicit request or demand that the District reimburse Kelsey for her medical expenses or otherwise pay monetary damages for her injury. Although it is not disputed that Kalenian and Leech knew that Kelsey was asserting a claim against the District for her medical expenses, this knowledge followed from Kelsey's oral communications. We will not second-guess the General Assembly's decision to require notice of claims against public entities to be in writing by construing Kelsey's oral statements to constitute any part of the written notice required by section 24–10–109(1). Clearly, the General Assembly rationally could determine that written notice serves interests that are not protected adequately by oral notice or even actual knowledge of a claim. *Cf. Evans v. Board of County Comm'rs,* 174 Colo. 97, 105, 482 P.2d 968, 972 (1971) (abolishing the common-law doctrine of sovereign immunity while acknowledging the General Assembly's authority to enact laws restricting actions brought against the state and its subdivisions).

Furthermore, we cannot conclude that Columbus Elementary's accident report form or Rocky Mountain HMO's medical reports and bills implicitly stated a claim by Kelsey against the District. Neither Kelsey nor her agents authored or filed these documents. Thus, it would not be reasonable to infer from these documents any intent by Kelsey to make a claim against the District. The most that objectively can be inferred from the documents is that Kelsey could have made a claim for damages against the District, not that she in fact was making a claim for damages against the District.

Similarly, we disagree with Kelsey's contention that she substantially complied with the notice-of-claim provisions of the CGIA because the documents upon which she relies contain most of the information required by section 24–10–109(2). Although our previous cases have suggested that a claimant need comply only substantially with the requirements of section 24–10–109(2) regarding the factual information contained in the claimant's notice, *see Brock,* 955 P.2d at 1041; *Lopez,* 916 P.2d at 1194; *Woodsmall v. Regional Transp. Dist.,* 800 P.2d 63, 69 (Colo. 1990), these cases are not determinative here. We view the claimant's request or demand for payment of monetary damages to be the very essence of the written notice required by section 24–10–109(1). In other words, the request for payment of monetary damages is what shows that a document is a notice of a claim under section 24–10–109(1). Accordingly, we must apply the standard of strict compliance required by section 24–10–109(1), *see Lopez,* 916 P.2d at 1190–91; *East Lakewood Sanitation Dist. v. District Court,* 842 P.2d 233, 236 (Colo.1992), and not the standards of compliance applicable to other subsections of the notice-of-claim statute.

■ Finally, we cannot accept Kelsey's argument that she should be excused from filing written notice of her claim because Kalenian's accident investigation and oral communications with Kelsey fulfilled the purposes of section 24–10–109(1). We considered and rejected the same argument in *Kristensen v. Jones,* 195 Colo. 122, 126, 575 P.2d 854, 856 (1978) (summarily affirming the court of appeals' holding on this issue in *Jones v. Kristensen,* 38 Colo.App. 513, 563 P.2d 959, 961 (1977)). *See also Jacob v. City of Colorado Springs,* 175 Colo. 102, 106, 485 P.2d 889, 891 (1971).

It is clear from the record that Kelsey never provided the District with a written notice of her claim prior to the expiration of the 180–day filing period. We therefore conclude that Kelsey failed to comply with the requirements of section 24–10–109(1).[4] Giv-

4. We note that we would reach the same result even under a substantial compliance standard. *See Brock,* 955 P.2d at 1041 (stating that substantial compliance requires that the plaintiff at least intend or make a colorable effort to comply with the statutory requirements of section 24–10–109); *cf. In re Estate of Mayfield,* 108 N.M. 246, 771 P.2d 179 (1989) (holding that unilateral actions

en our resolution of this issue, we need not reach whether Kelsey also failed to comply with the requirement of section 24–10–109(3) that she file notice of her claim with the District's governing body or its attorney.

## III.

■ Under section 24–10–109(1), a claimant's failure to file written notice of her claim within the 180–day filing period creates a jurisdictional bar to the claim. *See Feeney*, 974 P.2d at 1002. Notwithstanding the jurisdictional nature of section 24–10–109(1), Kelsey urges us to remand the case for further proceedings to determine whether the District is estopped from asserting Kelsey's failure to file timely written notice of her claim. The District, on the other hand, requests that we find as a matter of law that equitable defenses such as estoppel are inapplicable to the notice requirements of section 24–10–109(1).

■■ We previously have held that section 24–10–109(1) is a non-claim statute and that failure to file a claim within the 180–day filing period creates an absolute bar to the claim. *See City of Lafayette v. Barrack*, 847 P.2d 136, 138 (Colo.1993). Unlike ordinary statutes of limitations, non-claim statutes are not subject to equitable defenses such as waiver, tolling, or estoppel. *See In re Estate of Ongaro*, 998 P.2d at 1104; *Brock*, 955 P.2d at 1045 (Kourlis, J., concurring); *see also, e.g., Mayfield*, 771 P.2d at 182. Likewise, subject-matter jurisdiction cannot be waived or conferred by consent, estoppel, or laches. *See Barden v. Blau*, 712 P.2d 481, 486 n. 5 (Colo.1986).

Accordingly, we hold that equitable defenses such as estoppel are inapplicable to section 24–10–109(1). The District could not by its own conduct excuse Kelsey's failure to comply with the written notice requirements of section 24–10–109(1) and thereby confer upon the trial court subject-matter jurisdiction to hear Kelsey's claim.

A claimant's failure to comply with the requirements of ˍsection 24–10–109(1) re-

quires a court to dismiss the action for lack of subject-matter jurisdiction. *See East Lakewood Sanitation Dist.*, 842 P.2d at 236. Accordingly, we reverse the judgment of the court of appeals with directions to return the case to the trial court for dismissal.

---

by an estate in preparation for defending against a claim or ensuring its timely resolution did not constitute substantial compliance with a statute

that required an estate creditor to file a petition for allowance of claim).