Opinion by
Judge DAILEY.
Defendants, Diana Mabin, Laurie Knight, and Amos Martinez, appeal the orders denying their motions to dismiss, for lack of subject matter jurisdiction, certain claims brought against them by plaintiffs, the Child Adolescent and Psychotherapy Institute (CAAPT), and its clinical director, John A. Dicke, M.D. We affirm in part, vacate in part, and remand with directions.
Mabin and Knight are employees of the Adams County Department of Social Services. Dicke initially sued them on March 14, 2002, asserting various claims based on their report of potential child abuse by Dicke to a local police department and a report of potential substandard psychological practice *1125 by Dicke to the Colorado Board of Psychological Examiners. Dicke had provided Ma-bin and Knight with a notice of claim on July 12, 2001, which identified himself as the claimant and sought $150,000 in damages.
Dicke subsequently filed an amended complaint that added CAAPI as a plaintiff and Martinez as a defendant. Plaintiffs' claims against Martinez, who was the program administrator for the Colorado Board of Psychological Examiners, were based on his comments to the press in March and July 2002. Plaintiffs subsequently filed a second amended complaint seeking additional damages from defendants as a result of information about the case that had been posted on a website.
CAAPI served its notice of claim on Mabin and Knight approximately a month after the filing of the first amended complaint. Similarly, Dicke and CAAPI served their notice of claim on Martinez nearly two weeks after the filing of the first amended complaint.
Defendants moved to dismiss plaintiffs' claims for lack of subject matter jurisdiction under the Colorado Governmental Immunity Act (GIA), § 24-10-101, et seq., C.R.8.2008. As pertinent for this appeal (1) Martinez argued that plaintiffs had failed to comply with § 24-10-109(6), C.R.S.2008, because they had failed to provide him with a notice of claim at least ninety days prior to the filing of the complaint in which he was first named as a defendant; and (2) Mabin and Knight argued that CAAPT's notice of claim failed to comply with the requirements of § 24-10-109(2)(e), C.R.S.2008, because it did not contain a request for a specific amount of monetary damages.
The trial court denied defendants' motions in separate orders. With respect to Martinez, the trial court found that plaintiffs' claims were not barred because the Attorney General's actions in defending him amounted to a denial of the claims within the meaning of § 24-10-109(6). And as to Mabin and Knight, the trial court found that the lack of a monetary demand in CAAPTI's notice of claim did not adversely affect their ability to defend against CAAPT's claims.
Defendants now appeal pursuant to § 24-10-108, C.R.8.2008.
L.
Martinez contends that plaintiffs' claims against him should be dismissed because, by providing him with a notice of claim after the amended complaint had been filed, they failed to comply with § 24-10-109(6). Mabin and Knight raise a similar contention on appeal with respect to CAAPT's claims against them. In neither instance are we persuaded. However, we conclude that defendants are entitled to a ninety-day stay on remand.
Section 24-10-109(6) provides that:
No action brought pursuant to this article shall be commenced until after the claimant who has filed timely notice pursuant to subsection (1) of this section has received notice from the public entity that the public entity has denied the claim or until after ninety days has passed following the filing of the notice of claim required by this section, whichever occurs first.
Initially, we disagree with the trial court's determination that merely taking steps to protect the legal interests of a client following initiation of a lawsuit qualifies as a denial of a claim within the meaning of § 24-10-109(6). The proper service of a complaint requires a defendant to file some type of legal response within twenty days or risk losing the case. See C.R.C.P. 12(a). And treating a defendant's legal response to the complaint as a denial of a claim, when no notice of claim has previously been filed, undermines the very purposes served by the § 24-10-109(6) ninety-day waiting period, namely, to allow a public entity to investigate and remedy dangerous conditions, to settle meritorious claims without incurring the expenses associated with litigation, to make necessary fiscal arrangements to cover potential lability, and to prepare for the defense of claims. See Mesa County Valley Sch. Dist. No. 51 v. Kelsey, 8 P.3d 1200, 1204 (Colo.2000).
Thus, we conclude, contrary to the trial court, that plaintiffs did not comply with the $ 24-10-109(6) requirement of waiting at *1126 least ninety days from the date of providing written notice of claim before instituting suit on the new claims in the amended complaint. The issue, then, is the effect of plaintiffs' noncompliance with § 24-10-109(6).
Defendants assert that, under §§ 24-10-109(1) and 24-10-118(1)(a), C.R.S.2003, plaintiffs' noncompliance with § 24-10-109(6) constitutes a jurisdictional bar to proceeding on the new claims. We are not persuaded.
Section 24-10-109(1) provides, in pertinent part, that "[clompliance with the provisions of this section shall be a jurisdictional prerequisite to any action brought under the provisions of this article, and failure of compliance shall forever bar any such action." Section 24-10-118(1)(a) similarly provides that "[clompliance with the provisions of seetion 24-10-109, in the forms and within the times provided by section 24-10-109, shall be a jurisdictional prerequisite to any such action against a public employee ... and failure of compliance shall forever bar any such action against a public employee."
In Regional Transportation District v. Lopez, 916 P.2d 1187, 1192 (Colo.1996), the supreme court interpreted and applied § 24-10-109(1) where the plaintiff instituted suit against a public entity only five days after providing written notice of claim. The court held that, contrary to the plain language of § 24-10-109(1), the premature filing of a complaint prior to the expiration of the ninety-day period set forth in § 24-10-109(6) was not a jurisdictional defect mandating dismissal of the action.
The supreme court determined that it could look beyond the plain language of § 24-10-109(1) because "[florever barring a claimant from pursuing a claim ... because the claim was prematurely filed, qualifies as an absurd result" which should be avoided if possible. Reg'l Transp. Dist. v. Lopez, supra, 916 P.2d at 1192. Ultimately the court concluded, based on language in § 24-10-1095), C.R.S.2008, which it read as contradicting a literal interpretation of § 24-10-109(1), a consideration of legislative history, and notions of equity and fairness, that (1) the legislature had committed a drafting error in the text of § 24-10-109(1); (2) "the jurisdiction language was meant to apply only to the 180-day notice provision found in subsection (1) rather than to all of the other subsections found in 24-10-109"; and thus (8) the "jurisdictional prerequisite" language appearing in § 24-10-109(1) did not encompass compliance with § 24-10-109(6). Reg'l Transp. Dist. v. Lopez, supra, 916 P.2d at 1194-96.
We construe § 24-10-118(1)(a) in the same manner, recognizing that it has a phrase which § 24-10-109(1) does not. On its face, § 24-10-118(1)(a) requires, as a jurisdictional prerequisite to suit, compliance "in the forms and within the times provided by section 24-10-109." However, that phrase, although using singular rather than plural terms, appeared in the original version of § 24-10-118(1)(a), see Colo. Sess. Laws 1979, ch. 219 at 865, which was enacted in response to the supreme court's decision in Kristensen v. Jones, 195 Colo. 122, 124-25, 575 P.2d 854, 855-56 (1978).
In Kristensen v. Jones, supra, the supreme court held that, under the version of the GIA then in effect, the service of a written notice of claim was a condition precedent for suing a public entity, but not for suing a public employee in his or her individual capacity. Subsequently, § 24-10-118(1)(a) was enacted to make the procedures for holding public employees liable for acts committed in the course of their employment parallel with those for holding public entities liable. See Hearings on S.B. 101 before the Senate Judiciary Committee, 52d General Assembly, First Session (Jan. 24, 1979) (remarks of bill sponsor, Senator Ralph Cole).
The "jurisdictional prerequisite" language of § 24-10-118(1)(a) was enacted in 1986, at the same time and in the same bill as the same language was enacted as part of § 24-10-109(1). See Colo. Sess. Laws 1986, ch. 166, § 24-10-109(1) at 877, § 24-10-118(1)(a) at 881. This was the same bill which the supreme court determined in Regional Transportation District v. Lopez, supra, did not make compliance with § 24-10-109(6) a jurisdictional prerequisite for suing a public entity. Because § 24-10-118(1)(a) was designed to require the same procedures for *1127 suits against public employees as for suits against public entities, we similarly conclude that § 24-10-118(1)(a) did not make compliance with § 24-10-109(6) a jurisdictional prerequisite for suing public employees.
We recognize that, unlike in Regional Transportation District v. Lopes, supra, here plaintiffs filed their notices of claim after, not before, they filed their lawsuits. But we find that a distinction without a difference. As noted before, the purposes of the $ 24-90-109(6) ninety-day waiting period is to allow a public entity to investigate and remedy dangerous conditions, to settle meritorious claims without incurring the expenses associated with litigation, to make necessary fiscal arrangements to cover potential lHability, and to prepare for the defense of claims. See Mesa County Valley Sch. Dist. No. 51 v. Kelsey, supra, 8 P.3d at 1204. Whether the notice is filed, as in Regional Transportation District v. Lopez, swpra, five days before, or, as in this case, four weeks after, the complaint, those purposes could still be realized either by holding the case in abeyance for a ninety-day period after the filing of complaint or, alternatively, by dismissing the case without prejudice and permitting the claimants to refile onee the necessary period has expired. See Reg'l Transp. Dist. v. Lopez, supra, 916 P.2d at 1194.
Here, the trial court should have given defendants time when they were not under the specter of litigation pressure to make the assessments envisioned by the statute. We recognize that much more than ninety days have passed during the pendency of this appeal. However, were we now to simply ignore the requirement of a ninety-day waiting period, we would reward plaintiffs for not complying with the statute and would allow the purposes of the statute to be thwarted throughout the litigation. Consequently, on remand, defendants must be given the opportunity to have the litigation stayed for the ninety-day period required by § 24-10-109(6) to assess their options before proceeding further in the case.
IL.
Mabin and Knight alternatively contend that CAAPI is barred from proceeding against them because its notice of claim did not contain a statement of the amount of monetary damages sought as required by § 24-10-109(2)(e). We are not persuaded.
Under § 24-10-109(1), a person's failure to file a written notice of claim within a 180-day period of injury ereates a jurisdictional bar to proceeding on claims against public entities or their employees. Whether one or more documents constitute a written notice of claim is a question of law subject to de novo review by this court. See Mesa County Valley Sch. Dist, No. 51 v. Kelsey, supra, 8 P.3d at 1204.
Initially, we disagree with Mabin's and Knight's contention that a strict compliance standard applies with respect to the amount of damages statement required by § 24-10-109(@2)(e). In Woodsmall v. Regional Transportation District, 800 P.2d 68, 68 (Colo.1990), the supreme court rejected that standard because its application could severely affect claimants without conferring any real benefit on public entities. The court noted, in this regard, that a strict compliance standard merely invites claimants to inflate the monetary value of claims to the maximum amount recoverable and that inflated notices of claim do not advance the public entities' interest in engaging in realistic fiscal planning with respect to potential liability on claims. Woodsmall v. Reg'l Transp. Dist., swpra, 800 P.2d at 69 n. 8. Consequently, the supreme court determined that a substantial compliance standard was appropriate to assess a notice of claim stating that "[dlamages will be sought in an amount to be determined at a later date." See Woodsmall v. Reg'l Transp. Dist., supra, 800 P.2d at 66.
Mabin's and Knight's reliance on Mesa County School District No. 51 v. Kelsey, supra, for a strict compliance standard is misplaced. In Mesa County School District, the supreme court applied such a standard not, as here, with respect to the factual information required by § 24-10-109(2), but with respect to a much more basic issue, namely, whether a claim-a request or demand for payment of monetary damages-had even been made. See Mesa County Sch. Dist., supra, 8 P.3d at 1205 ("the request for pay *1128 ment of monetary damages is what shows that a document is a notice of a claim under section 24-10-109(1)").
Because there is no dispute that CAAPI made a request or demand for monetary damages, the strict compliance standard of Mesa County School District is inapplicable.
We turn, then, to the determination of whether CAAPT's notice of claim substantially complied with the § 24-10-109(2)(e) requirement that it contain a statement setting forth the amount of damages sought.
A notice of claim substantially complies with a requirement if the plaintiff makes a good faith effort to satisfy the requirement and any error or omission does not prejudice the public entity by adversely affecting its ability to defend against the claim. A public entity is not prejudiced by a plaintiffs failure to comply as long as the plaintiff's error does not prevent the public entity from investigating and remedying any dangerous conditions, making adequate fiscal arrangements to meet any potential Hability, or preparing a defense to the claim. Woodsmall v. Reg'l Transp. Dist., supra, 800 P.2d at 68.
The burden of demonstrating that the notice was properly given so that the suit may proceed is borne by the plaintiff. This burden, however, is "relatively lenient." Tidwell v. City & County of Denver, 88 P.3d 75, 85-86 (Colo.2008); Finmie v. Jefferson County Sch. Dist. R-1, 79 P.3d 1258, 1261 (Colo.2008).
Here, although CAAPI's notice did not request a specific dollar amount in damages, it stated that (1) as a result of Dicke's inclusion in a chart of disciplinary actions on a website, every county department of social services had ceased referring cases to CAA-PI since February 8, 2002, and that the "business of CAAPI has virtually collapsed and CAAPI has had to spend thousands of dollars to defend itself against the unlawful conduct of Respondents"; and (2) "CAAPI seeks compensatory damages for defamation and other extreme and outrageous conduct in an amount to be determined at trial."
Further, Dicke's earlier notice of claim with respect to Mabin and Knight sought at least $150,000 in damages for related injuries. Under these cireumstances, we conclude that the two notices were sufficient to inform Mabin and Knight that CAAPI was seeking substantial damages, and neither Makbin and Knight nor their public employer was adversely affected in defending against or settling CAAPT's claims because of CAA-PI's failure to specify a dollar figure for damages in its notice. And because there is no indication that Mabin, Knight, or their employer was prejudiced by this omission, we conclude that the trial court did not err in determining that CAAPI substantially complied with the notice requirements and, thus, in denying Mabin's and Knight's motion to dismiss.
TII.
We do, however, agree with Mabin's and Knight's contention that the trial court erred in not holding an evidentiary hearing to determine whether CAAPTI's notice of claim was filed within the requisite 180-day period of § 24-10-109(1).
Whether a claimant has satisfied the requirements of § 24-10-109(1) presents a mixed question of law and fact that must be resolved by the trial court before trial. Peterson v. Arapahoe County Sheriff 72 P.3d 440, 448 (Colo.App.20083). The trial court may hold an evidentiary hearing to determine whether a plaintiff has fulfilled the GIA's notice requirements. Finnie v. Jefferson County Sch. Dist. R-1, supra, 79 P.3d at 1259. However, when facts relating to immunity are in dispute, the trial court is required to hold an evidentiary hearing. See Trinity Broad. of Denver, Inc. v. City of Westminster, $48 P.2d 916, 924 (Colo.1993); Finnie v. Jefferson County Sch. Dist. R-1, supra.
Here, the record demonstrates that the parties presented conflicting evidence regarding when CAAPTI should have discovered its claims against Mabin and Knight. Mabin and Knight argued that CAAPTI was aware of its claims by May 2001, yet it did not file a notice of claim until July 3, 2002. In contrast, CAAPT asserted that it did not discov *1129 er its claims against Mabin and Knight until January 2002.
Although the trial court resolved this conflict in favor of Mabin and Knight, we conclude that, in light of the conflicting evidence, the trial court should have held an evidentia-ry hearing on the issue of when CAAPI discovered its claims against Mabin and Knight. See Trinity Broad. of Denver, Inc. v. City of Westminster, supra; Finnie v. Jefferson County Sch. Dist. R-1, supra, 79 P.3d at 1260 ("We stated in Trimity that courts must hold evidentiary hearings when facts relating to immunity are in dispute.").
The portion of the order denying Mabin's and Knight's motion to dismiss CAAPTI's claims is vacated, and the orders are affirmed in all other respects. The case is remanded to the trial court with directions to hold the matter in abeyance for ninety days, unless waived by defendants, and then, if necessary, to conduct an evidentiary hearing and make appropriate findings regarding Mabin's and Knight's contention that CAA-PI's notice of claim was not timely filed.
Judge VOGT concurs.
Judge RUSSEL dissents.