**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Sadie McCartney,**
**Plaintiff Below, Petitioner**

**vs.) No. 20-0758** (Randolph County 20-C-3)

**Randolph County Board of Education,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Sadie McCartney, by counsel Gregory R. Tingler, appeals the Circuit Court of Randolph County's September 3, 2020, order granting respondent's motion to dismiss, which dismissed her complaint arising from alleged, inappropriate contact with an employee at Elkins High School, with prejudice. Respondent Randolph County Board of Education, by counsel Tamara J. DeFazio, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was a student at Elkins High School from the Fall of 2011 until her graduation in the Spring of 2016. She alleges that while she was a minor in 2013 and 2014, Mr. Donald Johnson, a media specialist/librarian at the school, pursued an inappropriate relationship with her. Petitioner reported this conduct and underwent an interview on July 2, 2014, as part of the investigation into Mr. Johnson's conduct.

Mr. Johnson was arrested on July 17, 2014, on a number of charges stemming from his criminal conduct with petitioner. Respondent terminated petitioner's employment on August 6, 2014. He was convicted on November 20, 2015, of two counts of soliciting a minor via computer in violation of West Virginia Code § 61-3C-14(b), one count of distribution and display of obscene material to a minor in violation of West Virginia Code § 61-8A-2(a), one count of use of obscene matter with the intent to seduce a minor in violation of West Virginia Code § 61-8A-4, and one count of possession of material depicting a minor engaged in sexually explicit conduct in violation of West Virginia Code § 61-8C-3(a) and (b). Mr. Johnson was sentenced and remains imprisoned as a result of these convictions.

1

Petitioner turned twenty years old on June 18, 2018. On that same day, her counsel sent a notice of claim to the Randolph County Superintendent, the West Virginia Board of Education, and the West Virginia Attorney General, via certified mail, return receipt requested. Thereafter, petitioner filed a complaint against Respondent the Randolph County Board of Education[1] on July 18, 2018. Petitioner's complaint asserted several causes of action against respondent including negligent hiring, training and supervision; breach of West Virginia Board of Education Policy 2421, prohibiting racial, sexual, and religious/ethnic harassment and violence; breach of the doctrine of trust imposed by the doctrine of parens patriae; negligent investigation and protection of student confidentiality; negligent infliction of emotional distress by respondent; and breach of West Virginia Code § 18-2C-1, which prohibits harassment, intimidation, and bullying in schools.

In response to the complaint, respondent filed a motion to dismiss arguing that venue was improper in Kanawha County and that the complaint was filed after June 18, 2018, the expiration of the statute of limitations. At a hearing before the Circuit Court of Kanawha County, the court determined that venue did not lie in Kanawha County. Since the court determined that venue was improper, it declined to address respondent's statute of limitations argument. By order dated January 7, 2020, the court transferred the case to the Circuit Court of Randolph County.

After the case was transferred, petitioner filed a supplemental response to the motion to dismiss and respondent submitted additional briefing on the motion. Following a hearing on the motion, the Circuit Court of Randolph County entered an order granting respondent's motion and dismissing the complaint, with prejudice. By order entered on September 3, 2020, the circuit court determined that since petitioner was a minor at the time of the events alleged in her complaint, she was entitled to the benefit of the West Virginia savings statute. Further, the circuit court ruled that respondent is a political subdivision, as embodied in West Virginia Code § 29-12A-3(c) of the West Virginia Governmental Tort Claims and Insurance Reform Act, which does not have a provision to toll the statute of limitations. Additionally, the court ruled that although West Virginia Code § 55-17-3 did have a tolling provision, this was not applicable to respondent. Therefore, the circuit court concluded that petitioner's statute of limitations expired on June 18, 2018, and her lawsuit filed on July 18, 2018, was time barred by the statute of limitations.

Petitioner appeals the circuit court's order dismissing her complaint. On appeal, petitioner raises three assignments of error. First, petitioner maintains that the circuit court erred in its finding that the Randolph County Board of Education was not subject to pre-suit notification pursuant to West Virginia Code § 55-17-1. Next, petitioner argues that there was a genuine issue of material fact as to whether respondent was a "government agency" pursuant to West Virginia Code § 55-17-2(2). Finally, petitioner argues that even if the statute of limitations had expired prior to the filing of her suit, the suit should not have been dismissed based upon the doctrine of equitable tolling.

At the outset, we note that "[a]ppellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick,*

---

[1]Petitioner's complaint also named the West Virginia Board of Education. However, petitioner later voluntarily dismissed her claims against that defendant.

2

*Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995). With this standard in mind, we consider the parties' arguments.

This Court has repeatedly held that motions to dismiss under Rule 12(b)(6) of the West Virginia Rules of Civil Procedure should be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Syl. Pt. 3, in part, *Chapman v. Kane Transfer Co.*, 160 W. Va. 530, 236 S.E.2d 207 (1977) (citation omitted). Additionally, "the complaint is [to be] construed in the light most favorable to plaintiff, and its allegations are to be taken as true." *Lodge Distrib. Co. v. Texaco, Inc.*, 161 W. Va. 603, 605, 245 S.E.2d 157, 158 (1978). Here, construing the complaint in the light most favorable to petitioner, we find she can prove no set of facts that entitle her to the relief requested in the complaint.

Petitioner's claims are governed by the two year statute of limitations, as provided in West Virginia Code § 55-2-12.[2] Further, because petitioner was a minor at the time of the acts alleged in her complaint, she is entitled to the benefit of West Virginia Code § 55-2-15,[3] the West Virginia savings statute. Accordingly, absent any additional tolling provisions, she was required to file her complaint no later than June 18, 2018, her twentieth birthday.

Petitioner maintains that her claims against respondent should be governed by West Virginia Code § 55-17-1. She argues that since respondent is a "governmental agency," as defined in West Virginia Code § 55-17-2(2), the tolling provision of West Virginia Code § 55-17-3(a), should have applied once she gave notice of her claim. Respondent counters that the circuit

---

[2] This section provides that:

[e]very personal action for which no limitation is otherwise prescribed shall be brought: (a) Within two years next after the right to bring the same shall have accrued, if it be for damage to property; (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries; and (c) within one year next after the right to bring the same shall have accrued if it be for any other matter of such nature that, in case a party die, it could not have been brought at common law by or against his personal representative.

[3] West Virginia Code § 55-2-15(b) (2016) provides:

If any person to whom the right accrues to bring any personal action other than an action described in subsection (a) of this section, suit or scire facias, or any bill to repeal a grant, shall be, at the time the same accrues, an infant or insane, the same may be brought within the like number of years after his or her becoming of full age or sane that is allowed to a person having no such impediment to bring the same after the right accrues, or after such acknowledgment as is mentioned in section eight of this article, except that it shall in no case be brought after twenty years from the time when the right accrues.

3

court correctly found that respondent was not a "governmental agency" and, therefore, that petitioner's claims were barred by the statute of limitations. We agree with respondent.

The question presented on appeal is whether a county board of education is a "government agency." We have provided guidance when dealing with statutory questions.

"The primary rule of statutory construction is to ascertain and give effect to the intention of the Legislature." Syl. Pt. 8, *Vest v. Cobb*, 138 W.Va. 660, 76 S.E.2d 885 (1953).

"Judicial interpretation of a statute is warranted only if the statute is ambiguous and the initial step in such interpretative inquiry is to ascertain the legislative intent." Syl. Pt. 1, *Ohio County Comm'n v. Manchin*, 171 W.Va. 552, 301 S.E.2d 183 (1983).

"Where the language of a statute is free from ambiguity, its plain meaning is to be accepted and applied without resort to interpretation." Syl. Pt. 2, *Crockett v. Andrews*, 153 W.Va. 714, 172 S.E.2d 384 (1970).

"When a statute is clear and unambiguous and the legislative intent is plain, the statute should not be interpreted by the courts, and in such case it is the duty of the courts not to construe but to apply the statute." Syl. Pt. 5, *State v. General Daniel Morgan Post No. 548, V.F.W.*, 144 W.Va. 137, 107 S.E.2d 353 (1959).

"The basic and cardinal principle, governing the interpretation and application of a statute, is that the Court should ascertain the intent of the Legislature at the time the statute was enacted, and in the light of the circumstances prevailing at the time of the enactment." Syl. Pt. 1, *Pond Creek Pocahontas Co. v. Alexander*, 137 W.Va. 864, 74 S.E.2d 590 (1953).

Syl Pts. 3-7, *Legett v. EQT Prod. Co.*, 239 W. Va. 264, 800 S.E.2d 850 (2017).

Here, the statute defines a "government agency" as a "[c]onstitutional officer or other public official named as a defendant or respondent in his or her official capacity, or a department, division, bureau, board, commission or other agency or instrumentality within the executive branch of state government that has the capacity to sue or be sued." This language is unambiguous and plainly does not include any reference to county boards of education.

In *Patton v. County of Berkeley*, 242 W. Va. 315, 835 S.E.2d 559 (2019), this Court addressed the issue of whether a sheriff's department was a "government agency" as defined by West Virginia Code § 55-17-2(2). In its examination of the statutory notice provisions, this Court noted

[t]here is no definition of "executive branch" provided in West Virginia Code § 55-17-1, but Article VII, § 1 of the West Virginia Constitution provides that the

4

executive department consists solely of "a governor, secretary of state, auditor, treasurer, commissioner of agriculture and attorney general, who shall be ex officio reporter of the court of appeals." . . .

The *Patton* Court concluded that "[c]ounty sheriff's departments and the law enforcement officials they employ are not within the executive branch of state government for purposes of the tolling provisions of West Virginia Code § 55-17-3(a)(2) (2016)." *Id.* at Syl Pt.3. Further, the Court in *Patton* found that sheriff's departments are political subdivisions, as addressed by the West Virginia Governmental Tort Claims and Insurance Reform Act, West Virginia Code §§ 29-12A-1 to 29-12A-18, which does not contain any tolling provisions for the statute of limitations. Accordingly, the *Patton* Court[4] determined that the claims were filed outside of the statute of limitations and affirmed the circuit court's dismissal of the action.

Here, the respondent county board of education, like the sheriff's department in *Patton*, is not part of the executive branch of state government.[5] Furthermore, we are not persuaded by petitioner's argument that respondent should be regarded as an instrumentality of the executive branch of state government based on its nexus with the state board of education or the interdependence between the county and state boards of education, as the West Virginia Constitution makes separate provisions for the state board and for county boards of education. W. Va. Const. art. 12, §§ 2 and 6. The Legislature has also expressly established the distinct corporate character of county boards of education and their separateness from the state board of education. *See, e.g.,* W. Va. Code § 18-5-5 (noting that county boards of education may sue and be sued, plead and impleaded, contract and be contracted with); W. Va. Code § 18-5-1 (noting that county boards of education are responsible for the supervision and control of that county's schools); W.

---

[4] The *Patton* Court also addressed our decision in *Magee v. Racing Corporation of West Virginia,* No. 17-0008, 2017 WL 4993455 (W.Va. Nov. 1, 2017) (memorandum decision), wherein this Court refused to extend the tolling provision to local agencies.

> In *Magee*[], this Court was not directly asked to consider whether the Nitro police department, city, and an officer were "government agencies" within [West Virginia Code] § 55-17-2. But, we concluded that the statute of limitations was not tolled as to these agencies even though the police department was given a thirty-day notice in that matter, as in this case. The petitioner in that matter treated the city entities as non-state governmental defendants.

*Patton*, 242 W. Va. at 321, 835 S.E.2d at 565.

[5] Although petitioner encouraged this Court to follow a case from the Colorado Supreme Court, the Colorado statute is different than West Virginia Code § 55-17-2(2). *See Mesa County Valley Sch. Dist. v. Kelsey*, 8 P.3d 1200 (Colo. 2000). Unlike the West Virginia statute, the Colorado statute expressly included political subdivisions, including county entities and school districts, in its definition of those entities to be provided pre-suit notice of a claim. *See* C.R.S.A. § 24-10-103(5).

Va. Code §§ 18-5-6 and -9 (noting that county boards of education hold title to its own school property and have the authority to purchase or lease real estate).

Respondent is a "political subdivision" pursuant to the Governmental Tort Claims and Insurance Reform Act."[6]

> "Political subdivision" means any county commission, municipality and **county board of education**; any separate corporation or instrumentality established by one or more counties or municipalities, as permitted by law; any instrumentality supported in most part by municipalities; any public body charged by law with the performance of a government function and whose jurisdiction is coextensive with one or more counties, cities or towns; a combined city-county health department created pursuant to article two, chapter sixteen of this code; public service districts; and other instrumentalities including, but not limited to, volunteer fire departments and emergency service organizations as recognized by an appropriate public body and authorized by law to perform a government function: Provided, That hospitals of a political subdivision and their employees are expressly excluded from the provisions of this article.

W. Va. Code § 29-12A-3(c) (emphasis added). As noted above, respondent, a county board of education, is specifically included in the definition of political subdivision. Additionally, we recently reviewed a circuit court's order dismissing a complaint against a county board of education in *C.C. v. Harrison County Board of Education*, __ W. Va. __, 859 S.E.2d 762 (2021), where we analyzed petitioner's claims in light of the Governmental Tort Claims and Insurance Reform Act. As we have discussed, this Act does not have a provision to toll the statute of limitations. *See Patton*, 242 W. Va. at 320, 835 S.E.2d at 564. Therefore, we find that the circuit court did not err in analyzing petitioner's complaint, in light of the Governmental Tort Claims and Insurance Reform Act, nor in its finding that petitioner's claims are barred by the statute of limitations.

Finally, petitioner claims that the circuit court erred when it declined to utilize equitable tolling to toll the statute of limitations in this case. She argues that the circuit court should have applied this doctrine to save her claims even if they are otherwise barred by the statute of

---

[6] Petitioner erroneously argues that "there is nothing in the statutes to make political subdivisions and government agencies mutually exclusive entities," however, the Governmental Tort Claims and Insurance Reform Act clearly provides that they are mutually exclusive by its definition of the term "State." The Code specifically provides that

> "State" means the state of West Virginia, including, but not limited to, the Legislature, the [S]upreme [C]ourt of [A]ppeals, the offices of all elected state officers, and all departments, board, offices, commissions, agencies, colleges and universities, institutions, and other instrumentalities of the state of West Virginia. **"State does not include political subdivisions."**

W. Va. Code 29-12A-3(e) (emphasis added).

limitations because of her "due diligence" and "excusable ignorance," due to the gravity of the issue raised by her complaint, and because respondent is not prejudiced by her late filing. Respondent maintains that none of the legal authority cited by petitioner supports her argument and that the circuit court appropriately failed to recognize the doctrine of equitable tolling. We agree with respondent.

In *Perdue v. Hess*, this Court held that "[t]he ultimate purpose of statutes of limitations is to require the institution of a cause of action within a reasonable time." Syl. Pt. 2, *Perdue v. Hess*, 199 W. Va. 299, 484 S.E.2d 182 (1997). Further, in that case we reiterated a longstanding principle that "[e]xceptions in statutes of limitation are strictly construed and the enumeration by the Legislature of specific exceptions by implication excludes all others." *Id.* at Syl. Pt. 3 (citation omitted). Thereafter, this Court went on in *Perdue* to discuss several other cases where those petitioners had raised the doctrine of equitable tolling, but we had repeatedly rejected this argument. *Id*. Consistent with *Perdue* and the decisions referenced therein, we decline to find that the circuit court erred when it strictly construed the statute of limitations in this case.

For the foregoing reasons, we affirm the September 3, 2020, order granting respondent's motion to dismiss.

Affirmed.

**ISSUED:** January 12, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice William R. Wooton